[Civil No. 1493.   Filed June 2, 1916.]

[157 Pac. 974.]

JOHN J. ESHOM and O. A. ESHOM, Appellants, v. TULA' LEIVAS ESHOM, Appellee.

1. TROVER AND CONVERSION — COMPLAINT. — A complaint averring that defendants entered into a conspiracy to deprive plaintiff of her property in a cattle ranch, that one of them was a joint owner with plaintiff, that he conveyed all the stock to his codefendant, who conveyed in turn to a third person, that such conveyances were made with knowledge of plaintiff's interest, states a cause of action, entitling plaintiff to recover a proportionate share of the purchase price.

2. PLEADING—ANSWER—DENIAL—NEGATIVE PREGNANT.—Such complaint averred that defendants were entirely familiar with each other's business and affairs, while answer denied that defendants were entirely familiar with each other's affairs. *Held,* that it was an admission that they were familiar with each other's affairs, and unless specifically denied that both had knowledge of the fraudulent scheme in question.

3. HUSBAND AND WIFE—RIGHTS OF WIFE—RIGHTS OF ACTION.—Under Civil Code of 1913, paragraph 3851, declaring that married women shall have the sole and exclusive control of their separate prop-

erty, a woman has a right of action against her husband for his conversion of her separate property.

4. Trover and Conversion—Actions—Jury Question.—In an action for the conversion of property, the question of the value of plaintiff's property converted is one for the jury, and it is improper for the court to determine that issue.

[As to conversion of personalty sufficient to sustain action of trover, see note in 24 Am. St. Rep. 795.]

APPEAL from a judgment of the Superior Court of the County of Mohave. John A. Ellis, Judge. Reversed and remanded.

Messrs. Clark & Clark, for Appellants.

Mr. S. D. Stewart and Mr. W. E. Moroney, for Appellee.

CUNNINGHAM, J.—The material portions of the complaint upon which this action was tried are as follows:

That the defendants are brothers, both have been engaged for several years in the business of stock-raising, and they are "entirely familiar with each other's business and affairs.

"III. That on and prior to the twenty-eighth day of August, 1914, plaintiff and the defendant, John J. Eshom, with the full knowledge of defendant O. A. Eshom were co-owners, in equal shares, of certain range cattle to the number of three hundred head, more or less, and five saddle horses, ranging in the vicinity of Signal and the Big Sandy, in said Mohave county.

"IV. That on or about said twenty-eighth day of August, 1914, the defendants entered into a conspiracy to sell and dispose of said cattle and horses, with the purpose and design of defrauding plaintiff out of her just and legal interest and rights in and to said livestock; and in pursuance of the defendants' said fraudulent purpose and design, and with the intention of putting the same into execution, the said defendant John J. Eshom, in collusion with his said brother, under date of August 28, 1914, executed and delivered to his said brother, the defendant O. A. Eshom, a bill of sale of said cattle and horses, for the purported consideration of $5,000 without plaintiff's knowledge or consent. And almost immediately thereafter, on, to wit, September 18, 1914, the said

O. A. Eshom, in accordance with the previous understanding had with his said brother, John J. Eshom, did execute and deliver to one Telly Bland a bill of sale of the same identical livestock, for the real and actual consideration of $9,000; said livestock not having in the meanwhile been gathered on the range by the said defendant O. A. Eshom, nor rebranded in any iron belonging to him.

"V. That said purported sale of livestock from the defendant John J. Eshom to his brother, the defendant O. A. Eshom, and the subsequent sale thereof by the said O. A. Eshom to the said Bland, was all with full knowledge of plaintiff's rights and title in and to said livestock, and with fraudulent and collusive purpose and design on the part of defendants, and each of them, of defrauding plaintiff and of depriving plaintiff of her just and lawful share, rights, and interest in and to said livestock. And defendants have failed and refused to account to plaintiff for plaintiff's share of said purchase price, and have refused to pay plaintiff her proper share of said purchase price, or any part thereof, though demand therefor has been made."

The relief demanded is a judgment for $4,000 and interest against the defendants, and general relief.

These facts set forth the right of the plaintiff *prima facie* to recover a judgment for the value of her share of the property sold to Telly Bland in proportion her share of the property bears to the whole property as measured by the whole purchase price received. The alleged sale by John J. Eshom to O. A. Eshom, in August, of plaintiff's share in the property was a sale by one co-owner of his share, and an attempt made by him to also sell the share of his co-owner. Such attempted sale was without effect of conveying title unless the seller had authority to sell his co-owner's property, or unless the sale was thereafter ratified. The complaint states facts sufficient to constitute a cause of action.

The defendants in their answer to the merits admit the allegations set forth in the first and second paragraphs of the complaint, with the exception that they deny that the defendants are or have been entirely familiar with each other's business and affairs. This is an admission that they are and have been familiar with each other's business and affairs, but not with absolute entirety. Therefore it must be considered

that they were familiar with the business herein referred to and charged, unless otherwise denied.

They deny that plaintiff owned an interest in the property at any time, and allege that the property described in the complaint was, at all times prior to the "twenty-eighth day of August, 1914, the sole, separate and exclusive property of the defendant John J. Eshom subject to his sole, separate and exclusive care, custody, and control; that the plaintiff never, at any time, had any right, title, interest, claim or demand of any nature whatsoever, of, in, or to the said property and livestock, or any portion thereof; and that the defendant John J. Eshom was the sole and exclusive owner thereof, in his own right, as his separate property, and that the same was subject to such disposition, by sale or otherwise, as he, the said defendant John J. Eshom, might see fit to make of the same."

The defendants expressly admit that John J. Eshom sold and conveyed the property to O. A. Eshom at the date alleged, and deny that said sale was fraudulent. They admit that O. A. Eshom sold and conveyed certain of the personal property and livestock to Telly Bland, but deny that such sale was made other than *bona fide.*

They by their answer join issue on the facts of plaintiff's title to any portion of the property, and admit all other facts. except such facts as are necessarily incident to plaintiff's rights in the property; that is, the wrongful conversion of her property. They admit the alleged acts, which, if plaintiff were the conceded owner of the property sold, would have amounted to a conversion of her property.

As new matter in defense, the defendants set forth that plaintiff and John J. Eshom intermarried on the eighteenth day of November, 1913, and that they are husband and wife. That prior to such marriage defendant John J. Eshom acquired the property here in question as his sole and separate property, and continued such owner until he sold and conveyed the same to O. A. Eshom on August 28, 1914.

The alleged fact that plaintiff and defendant John J. Eshom became husband and wife on November 4, 1913, is not denied by the plaintiff. The other allegations of the separate ownership of the property by John J. Eshom prior to his said marriage is evidentiary matter, and in its nature goes to deny the plaintiff's alleged title in the property. The

fact appearing that plaintiff and John J. Eshom were married November 4, 1913, presented no defense to the action by the wife for redress for wrongs concerning her separate property.

Paragraph 3851 of the Civil Code of Arizona of 1913 provides:

"Married women shall have the sole and exclusive control of their separate property, and the same shall not be liable for the debts, obligations or engagements of the husband, and may be contracted, sold, transferred, mortgaged, conveyed, devised, or bequeathed by them in the same manner and with like effect as if they were unmarried."

The defendants do not attempt to set up the defense that the defendant husband was authorized by the wife to sell and convey her interest in the property, nor that the wife ratified the sale of August 28, 1914. They depend solely upon the alleged fact that the plaintiff owned no right, title or interest in the property, and that John J. Eshom owned the entire property in his separate right.

Such was the issue joined and tried. The issue tried was fairly determined in favor of the plaintiff and against the defendants. The value of plaintiff's property so converted was not determined by the jury. The court without the aid of the jury determined that the plaintiff was entitled to recover $4,000. Both parties to the cause are here objecting; the plaintiff objects because the amount is alleged to be too small a sum, and the defendants are objecting because the court and not the jury determined the amount.

I am of the opinion the defendants' objections are good, and that the court erred in determining the amount of the recovery in the trial of a cause of the nature here presented without the aid of the jury actually sitting in the trial. The course pursued by the court was one not warranted by law, and was a clear denial by the court of due process of law to which the defendants are clearly entitled of constitutional right.

On account of the said error in the proceedings, I am of the opinion the judgment must be vacated and the cause remanded, with instructions to grant the defendants a new trial as prayed.

ROSS, C. J., and FRANKLIN, J., concur.