BUCKEYE, Respondent, vs. BUCKEYE, Appellant.

*November 14, 1930—January 13, 1931.*

For the appellant there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Leo Mann* and *Howard A. Hartman* of counsel, all of Milwaukee, and oral argument by *Mr. Hartman.*

For the respondent there was a brief by *Fish, Marshutz & Hoffman,* attorneys, and *F. C. John* of counsel, all of Milwaukee, and oral argument by *Mr. John.*

WICKHEM, J. It is contended by the appellant that since the tort on which this action is based was committed in Illinois, and that since, by the law of Illinois, the marriage

of the parties would have the effect of extinguishing the cause of action, the Illinois law must be held to govern and the cause of action to have been extinguished at the time of the trial. It does not appear in this case where the parties were married, but it is clear that they are domiciled in Wisconsin. It is presumed that the law of the place where the marriage was performed is the same as the law of this state, and the sole question is whether the law of Wisconsin or the law of Illinois governs in this controversy.

It is not seriously in dispute that the law governing the creation and extent of tort liability is that of the place where the tort was committed. Goodrich, Conflict of Laws, p. 188; *Bain v. Northern Pac. R. Co.* 120 Wis. 412, 98 N. W. 241; *Dorr Cattle Co. v. Des Moines Nat. Bank,* 127 Iowa, 153, 98 N. W. 918, 102 N. W. 836. It is also the rule that a liability to pay damages for a wrong may be discharged or modified by the law of the state which created it. Goodrich, Conflict of Laws, p. 192; Dicey, Conflict of Laws (3d ed.) p. 704; *Phillips v. Eyre,* L. R. 6 Q. B. 1. On the other hand, with respect to the legal consequences of marriage, both as to the status of the parties and as to all their property interests except interest in land, the law of the matrimonial domicile governs. In *Northwestern Mut. L. Ins. Co. v. Adams,* 155 Wis. 335, 339, 144 N. W. 1108, it was said:

"The fundamental principle upon which the line of cases just referred to rests is the principle that any sovereign state may regulate the conduct of its own residents within its limits; that marriage is a status, and that the parties to that status, so far as their ability to contract is concerned, are subject to the regulations and disabilities imposed upon them by the laws of the state of their domicile."

In Goodrich, Conflict of Laws, p. 275, it is stated:

"In cases where the question concerns other property interests than 'immovables,' generally equivalent to interests

in land, there must be considered separately the interests which spouses acquire in each other's movable property owned at the time of the marriage, and that subsequently acquired. The rule here is that upon marriage each spouse gets such interest in the movable property then owned by the other as the law of the matrimonial domicile provides, no matter where the property is located at the time. The place where the marriage occurs is not material."

It is also clear that the law of the forum governs all matters relating to the remedy, the conduct of the trial, and the rules of evidence. *Eingartner v. Illinois Steel Co.* 103 Wis. 373, 79 N. W. 433.

Plaintiff was unmarried at the time of the accident upon which this action is based. At the time of the accident she acquired a cause of action against the defendant, and was entitled, if she could properly serve him, to prosecute her action in Wisconsin. Pending the trial of the action she married the defendant. According to the law of Illinois, if it is to govern, the cause of action is extinguished for the reason that the husband and his wife are at law but one person. In *Hoker v. Boggs,* 63 Ill. 161, 162, it is said:

"Blackstone says: 'By marriage, the husband and wife are one person in law, that is, the very being or legal existence of the woman is suspended during marriage, or at least is incorporated and consolidated into that of the husband, under whose wing, protection, and cover she performs everything, and is therefore called in our law French, a *feme covert.'* Hence, the man can make no grant directly to his wife; can enter into no contract or covenant with her—for such acts presuppose her separate existence. As they are one person, the man cannot be placed in the absurd position of covenanting with himself."

To the same effect are the holdings in *Merrill v. Marshall,* 113 Ill. App. 447; *Chestnut v. Chestnut,* 77 Ill. 346. From these cases it appears that Illinois adopts the common-law view of the marriage relation. At common law a wife lost

her legal identity by marriage and the husband became the owner of her causes of action, and, consequently, all causes of action which she might have had against him at the time of the marriage were extinguished for the reason that he could not be obligated to himself. *Newton v. Weber,* 119 Misc. 240, 196 N. Y. Supp. 113.

It is plaintiff's contention that the extinguishment of her cause of action in this case could only occur as a result of her loss of legal identity through marriage. From this it is contended that since, under the Wisconsin law, she did not lose her legal identity by marriage, and since the law of Wisconsin governs with respect to the legal consequences of marriage in this respect, the cause of action was not extinguished. This position involves the further contention that there is a valid distinction between the situation presented here and that presented by a statute or rule of law in the state where the tort was committed, specifically and intentionally directed to the extinguishment of causes of action. We have concluded that plaintiff's contention is not sound. If, as seems clear, the law of Illinois is to govern, both as to the creation and extent of defendant's liability, and if the liability so created is subject to discharge or modification by the law of Illinois, we see no escape from the conclusion that plaintiff's cause of action has been wholly extinguished by her marriage.

The rule that the law of the situs governs with respect to rights in immovables is grounded upon the principle that the sovereign who controls the thing must generally have jurisdiction over the right. 1 Beale, Conflict of Laws, p. 179. In our judgment the same reasoning applies to the situation presented here, and requires the conclusion that the effect of plaintiff's marriage upon her cause of action is to be determined by principles of conflict of laws applicable to interests in real property, rather than by those applicable to

other property. It seems clear to us that if plaintiff had prosecuted this suit in Illinois she could not succeed. Her failure in the Illinois courts would not be grounded upon any rules peculiar to Illinois affecting remedy or procedure, but to the fact that her cause of action was completely extinguished. We see no reason to suppose that the cause of action would be held by the Illinois courts to be saved by the fact that plaintiff's marriage occurred in Wisconsin. We fail to see how her substantive rights can be any greater here than they would be in Illinois.

In *Slater v. Mexican National R. Co.* 194 U. S. 120, 24 Sup. Ct. 581, it is said:

"It seems to us unjust to allow a plaintiff to come here absolutely depending on the foreign law for the foundation of his case, and yet to deny the defendant the benefit of whatever limitations on his liability that law would impose."

This case does not present, as did *Phillips v. Eyre, supra,* the situation of a law enacted subsequent to the tort by the state in which the tort was committed, and operating to discharge or extinguish the liability. Hence it would seem not to present any of the questions of constitutional law which might be present were we confronted by such a situation.

For the foregoing reasons the judgment must be reversed.

*By the Court.*—Judgment reversed, and the cause remanded with directions to dismiss the complaint.