NELSON, Respondent, vs. AMERICAN EMPLOYERS' INSURANCE COMPANY and another, Appellants.

*December 6, 1950—January 9, 1951.*

For the appellants there was a brief by *Wallace Reiss,* attorney, and *Richard V. Reiss* of counsel, both of Milwaukee, and oral argument by *Richard V. Reiss.*

For the respondent there was a brief by *Whyte, Hirschboeck & Minahan,* attorneys, and *Victor M. Harding* and *Martin R. Browning* of counsel, all of Milwaukee, and oral argument by *Mr. Browning.*

MARTIN, J.   Plaintiff Beverly Nelson and defendant Perry Nelson are husband and wife and residents of Milwaukee county, Wisconsin. The accident on which this action is based occurred September 11, 1948, when the automobile being operated by defendant husband along United States Highway 60 near the city of Socorro, New Mexico, swerved off the road and collided with some posts located along the highway. The plaintiff, a guest in the car, sustained personal injuries in the accident and brought this action to recover damages from her husband and his automobile insurance carrier, for the alleged negligence of the husband in causing the accident.

The complaint sets forth the above facts and specifies alleged negligence on the part of the defendant Perry Nelson. The defendants demurred to the complaint on the following grounds: (1) There is a defect of parties plaintiff by reason of the omission of Perry Nelson, husband of said plaintiff; and (2) said complaint does not state facts sufficient to constitute a cause of action.

The law of New Mexico, the situs of the alleged tort, controls the question as to whether the plaintiff has a cause

of action against her husband for personal injuries. *Buckeye v. Buckeye* (1931), 203 Wis. 248, 250, 234 N. W. 342; *Forbes v. Forbes* (1938), 226 Wis. 477, 484, 277 N. W. 112.

Sec. 19–606, New Mexico Stats., provides:

"A married woman shall sue and be sued as if she were unmarried."

The defendants who contend that the plaintiff has no cause of action in New Mexico have not cited any authorities, nor is this court aware of any, where the New Mexico courts have construed this statute to mean that a wife cannot sue her husband in an action such as this.

Sec. 246.07, Wis. Stats., provides in part:

". . . And any married woman may bring and maintain an action in her own name for any injury to her person or character the same as if she were sole. . . ."

In *Wait v. Pierce* (1926), 191 Wis. 202, 217, 209 N. W. 475, 210 N. W. 822, the court construed this statute to mean that a wife may maintain an action against her husband for injuries to her person proximately caused by his negligence.

The defendants claim that a husband and wife domiciled in a separate-property state (Wisconsin) who have an accident while traveling through a community-property state (New Mexico) are governed by the community-property laws of that state. While there are no decisions in point in New Mexico, they contend matters of this nature have been determined in other community-property states in a manner adverse to the plaintiff herein. They maintain that personal-injury damages to either spouse in New Mexico becomes community property, and that in community-property states the negligence of one spouse is imputed to the other, and recovery is barred.

Other community-property states have held to the contrary. In *Frederickson & Watson Const. Co. v. Boyd* (1940), 60 Nev. 117, 102 Pac. (2d) 627, it was held that in a statute

providing that all property acquired after marriage by either husband or wife, with specified exceptions (same as New Mexico), shall be community property, the word "acquired" was not used in an all-comprehensive sense, but in a more restricted sense embracing wages, salaries, earnings, or other property acquired through the toil, talent, or other productive faculty of either spouse, and did not include compensation for injuries to the person arising from violation of right of personal security. It was stated (p. 122):

" 'The husband as head of the community sustains the same relation to the wife as at common law, so far as the present question is concerned—he is entitled to her services, and is liable for the expense of her care and cure, and for the violation of these rights he should recover. But neither at common law or by the law of community does he hold the wife's right to personal security and should not be permitted to recover for the violation of this right. It does not belong to him nor to the community. The wife's physical pain and suffering are not his loss nor the loss of the community.' "

The defendants have attempted but not succeeded in proving the law of New Mexico by analogy. There is no judicial interpretation of the New Mexico statute which gives it any meaning other than what it says; that is, that a married woman shall sue and be sued as if she were unmarried. This court has construed a similar statute to mean that a wife may sue her husband.

It is clear that the law of the forum governs all matters relating to the remedy, the conduct of the trial, and the rules of evidence. *Eingartner v. Illinois Steel Co.* (1899), 103 Wis. 373, 79 N. W. 433; 11 Am. Jur., Conflict of Laws, p. 500, sec. 187.

In view of all the foregoing, the defendants have failed to sustain the propositions which they raised by demurrer, and the order of the lower court overruling the demurrer is hereby affirmed.

*By the Court.*—Order affirmed.