GARLIN, Respondent, vs. GARLIN and another, Appellants.

*November 7—December 4, 1951.*

For the appellants there was a brief by *Hannan, Johnson & Goldschmidt,* attorneys, and *Charles E. Nicoud* of counsel, all of Milwaukee, and oral argument by *Mr. Nicoud.*

*George R. Brawley* of Milwaukee, for the respondent.

FRITZ, C. J. The plaintiff and the defendant, Robert Garlin, are husband and wife and residents of Wisconsin. While plaintiff was riding as a passenger in her husband's automobile in the state of Illinois she was injured as the result of her husband's negligent operation of his automobile which collided with another automobile. On behalf of the defendants, Robert Garlin and his automobile liability insurer, it is contended that plaintiff cannot recover in this action because under the law in Illinois there is no statute expressly giving a wife the right to maintain an action against her husband in tort. As the defendants contend, the law governing the creation and extent of tort liability is that of the state in which the tort was committed, and liability may be discharged or modified by the law of the state creating it. *Buckeye v. Buckeye,* 203 Wis. 248, 250, 234 N. W. 342. As we then stated: "It is not seriously in dispute that the law governing the creation and extent of tort liability is that of the place where the tort was committed."

In Illinois it is still the common law that a wife cannot maintain an action against her husband for injuries caused by his negligence or other torts. As stated in *Welch v. Davis,* 342 Ill. App. 69, 73, 77, 95 N. E. (2d) 108:

"It remains to be determined whether or not an action can be maintained by a wife against a husband for personal injuries resulting from his wrongful conduct. . . . The general rule is announced in 89 A. L. R. 118, supplemented in 160 A. L. R. 1402, as follows:

" 'Recent cases have adhered to what has been designated as "the great weight of authority" and hold that statutes conferring additional rights on married women and the right to sue separately in their own names for redress of wrongs concerning their separate property and personal security confer no right on either spouse to sue the other for personal injuries.'

". . . Reference may well be made again to the language in *Main v. Main,* [46 Ill. App. 106 (1892)] : 'Sound considerations of public policy would forbid a change of the common law, and unless the statutory provisions referred to have by direct terms or by necessary inference abrogated the rule, we must hold it still in force. It is clear this has not been done, expressly, and we find no sufficient warrant for saying it has been done by implication.'

"It is the opinion of this court that in the instant case, the plaintiff had no cause of action."

In *Buckeye v. Buckeye, supra,* the wife of the defendant sued in this state to recover damages for injury sustained by her as the result of the defendant's negligent operation of an automobile in Illinois. Under those circumstances we held that, although in Wisconsin a wife can maintain an action against her husband to recover damages sustained by her as the result of his tort committed in this state, she cannot recover damages sustained as the result of his tort in Illinois.

In *Nelson v. American Employers' Ins. Co.* 258 Wis. 252, 253, 45 N. W. (2d) 681, the husband and wife were residents of Wisconsin, and were traveling in New Mexico when the automobile in which they were riding swerved off the road while being operated by the husband. We then stated: "The law of New Mexico, the situs of the alleged tort, controls the question as to whether the plaintiff has a cause of action against her husband for personal injuries. *Buckeye v. Buckeye* (1931), 203 Wis. 248, 250, 234 N. W. 342; *Forbes v. Forbes* (1938), 226 Wis. 477, 484, 277 N. W. 112." See also *Coster v. Coster,* 289 N. Y. 438, 46 N. E. (2d) 509; 41 C. J. S., Husband and Wife, p. 866, sec. 392b.

*By the Court.*—Order reversed with directions to sustain defendants' demurrer and enter judgment dismissing the complaint.