JAEGER, Respondent, vs. JAEGER and another, Appellants.*

*May 7—June 3, 1952.*

* Motion for rehearing denied, with $25 costs, on September 16, 1952.

For the appellants there was a brief by *Wallace Reiss,* attorney, and *Richard V. Reiss* of counsel, both of Milwaukee, and oral argument by *Richard V. Reiss.*

For the respondent there was a brief by *F. E. Yates* of Eau Claire, attorney, and *Samuel Goldenberg* of Milwaukee of counsel, and oral argument by *Mr. Goldenberg.*

FRITZ, C. J. Defendants contend that as plaintiff was injured while in Arizona her substantive rights against her husband are controlled by the laws of Arizona; and that the common law adopted by Arizona bars this action and has not been modified by the Married Women's Act of Arizona which is an inapplicable procedural statute and does not abridge, enlarge, or modify the substantive rights of any litigant. Defendants' contentions are based on the hypotheses that under the laws of Arizona a cause of action for injury to the wife, by whomsoever caused, is community property;. that Arizona's community-property laws are applicable to a husband and wife domiciled in Wisconsin who are traveling through Arizona; that when a married woman is a party to an action her husband must be joined with her; that since the proceeds of the recovery for injury to the wife belong

to the community, of which the husband is the head, he would be allowed to enjoy the benefits of such recovery; and that his negligence is imputed to her, and she cannot recover for injury caused by his negligence. Defendants' contentions are predicated on the assumption that such is the law of Arizona, and that the Wisconsin court is bound to apply all such rules in an action between husband and wife, although they are domiciled in Wisconsin.

Plaintiff contends that the community-property laws of the state in which she was injured have no application to a husband and wife domiciled in a separate-property state while traveling through a community-property state; that even if, as between a couple residing in Arizona a cause of action for injury to the wife belongs to the community, that rule is not applicable to residents of a separate-property state like Wisconsin, even though the wife is injured in Arizona, or any other community-property state. *Nelson v. American Employers' Ins. Co.* 258 Wis. 252, 255, 45 N. W. (2d) 681. In that case we quoted with approval from *Fredrickson & Watson Const. Co. v. Boyd*, 60 Nev. 117, 102 Pac. (2d) 627: " '. . . neither at common law or by the law of community does he [the husband] hold the wife's right to personal security and should not be permitted to recover for the violation of this right. It does not belong to him nor to the community. The wife's physical pain and suffering are not his loss nor the loss of the community.' "

As stated in 11 Am. Jur., Community Property, p. 182, sec. 12:

"A claim for damages *ex delicto* arising from a tort or trespass upon the person of a married woman while temporarily sojourning in one state, and whose matrimonial domicile is in another state, cannot be considered as community property acquired in the former state; and if she has full capacity to institute suit in her own name and recover judgment for such damages in the courts of the state of her

domicile, she also has capacity to sue therefor in her own name in the state where the injury is received."

And in 11 Am. Jur., Conflict of Laws, p. 376, sec. 89, it is stated:

"The law of the matrimonial domicile governs with respect to the substantial rights of husband and wife, as between themselves and their privies, in choses in action accruing to either, although the law of the forum may affect the right of either to bring an action thereon without joining the other. Thus, where a right of action for a personal injury to the wife constitutes her separate property according to the law of the matrimonial domicile and the wife is injured while temporarily within another state, that law has been held to govern her right in such cause of action."

In *Williams v. Pope Mfg. Co.* 52 La. Ann. 1417, 1441, 27 So. 851, 50 L. R. A. 816, 78 Am. St. Rep. 390, a woman domiciled in Mississippi, a separate-property state, was injured in Louisiana, a community-property state. Under the Mississippi law she was entitled to sue as the sole owner of a cause of action. The Louisiana court said:

"If it [the cause of action] is to be treated and considered as personal property, its legal situs is at the matrimonial domicile of the plaintiff in the state of Mississippi, and for that reason cannot be considered as a community asset with its domicile in the state of Louisiana; and being a debt, or chose in action, it belongs and attaches to the person of the plaintiff, follows her wherever she goes, and possesses no other situs than such as she is pleased to give it. Entertaining this view with regard to the demand of the plaintiff, and finding that in respect to the enforcement of same she is a person *sui juris* under the law of Mississippi, in which state her matrimonial domicile exists, our opinion is that she must be recognized as possessing legal capacity to institute and prosecute this suit in her own name; . . ." See also footnotes 15 and 16 in 11 Am. Jur., Conflict of Laws, p. 376, sec. 89.

"It is clear that the law of the forum [Wisconsin] governs all matters relating to the remedy, the conduct of the trial, and the rules of evidence." *Nelson v. American Employers' Ins. Co., supra* (p. 255) ; *Eingartner v. Illinois Steel Co.* 103 Wis. 373, 79 N. W. 433; 11 Am. Jur., Conflict of Laws, p. 500, sec. 187.

As stated in *Buckeye v. Buckeye,* 203 Wis. 248, 250, 234 N. W. 342: ". . . with respect to the legal consequences of marriage, both as to the status of the parties and as to all their property interests except interest in land, the law of the matrimonial domicile governs."

Arizona recognizes the right of the wife to be protected from injury by the husband and to sue him when he invades that right. The Arizona Code, Anno. 1939, sec. 63–302, provides :

*"Separate Property*—. . . and all property, both real and personal, of the wife, owned or claimed by her before marriage, and that acquired afterward by gift, devise, or descent, as also the increase, rents, issues, and profits of the same, shall be her separate property."

Sec. 63–303 provides : "Married women shall have the sole and exclusive control of their separate property, and the same . . . may be sold, mortgaged, conveyed, or bequeathed by them as if they were unmarried. *Married women of the age of twenty-one years and upwards shall have the same legal rights as men of the age of twenty-one years and upwards,* except the right to make contracts binding the community property of the husband and wife, and are subject to the same legal liabilities as men of the age of twenty-one years and upwards."

And sec. 21–516 provides that a married woman shall join her husband in any action *"except when the action concerns her separate property, or is between herself and her husband, in which she may sue or be sued alone. . . ."*

Thus when the action concerns her separate property or is between herself and her husband, she may sue or be sued alone, whenever they are adversary parties.

In that respect the rule in Arizona is substantially to the same effect as sec. 246.07, Wis. Stats., that "Every married woman may sue in her own name and shall have all the remedies of an unmarried woman in regard to her separate property or business. . . . And any married woman may bring and maintain an action in her own name for any injury to her person or character the same as if she were sole. . . ."

In *Eshom v. Eshom,* 18 Ariz. 170, 174, 157 Pac. 974, the wife was held entitled to maintain an action against her husband and his brother for a conspiracy, whereby the husband disposed of her cattle for less than their full value for the purpose of depriving her of such property. The court, quoting par. 3851 (now sec. 63–303, Arizona Code), stated:

"The fact appearing that plaintiff and [defendant] John J. Eshom were married . . . presented no defense to the action by the wife for redress for wrongs concerning her separate property."

As stated in *Hageman v. Vanderdoes,* 15 Ariz. 312, 326, 138 Pac. 1053:

"The unity of husband and wife has been severed. They are now distinct persons, and may have separate legal estates, contracts, debts, and injuries. . . . Her brain and hands and tongue are her own."

*By the Court.*—Order affirmed.

BROWN, J. (*dissenting*). The question of whether a right of action arises from a tort is governed by the law of the jurisdiction in which the tort is committed. *Nelson v. American Employers' Ins. Co.* (1951), 258 Wis. 252, 45 N. W. (2d) 681; and *Garlin v. Garlin* (1951), 260 Wis. 187, 50 N. W. (2d) 373. Sec. 1–106, Arizona Code, Anno. 1939, provides that the common law is the rule of decision in all courts of the state. The Arizona courts have construed this to mean that the common law, unless changed by statute, is the rule the courts must follow. "At common law, a tort committed by one spouse against the person or character of

the other does not give rise to a cause of action in favor of the injured spouse." 27 Am. Jur., Husband and Wife, p. 191, sec. 589. No Arizona statute is cited which abrogates this rule. Sec. 63–303 of the Arizona Code, cited in the majority opinion is inapplicable, for at common law a married man cannot sue his spouse for tort and if, by that statute, a married woman has acquired the same legal rights as a married man she has not thereby acquired a right to sue her spouse in tort in the absence of a statute conferring on married men such rights to sue their spouses. Sec. 63–303, Arizona Code, is not at all the equivalent of sec. 246.07, Wis. Stats., giving a married woman the right to sue as if she were sole.

The statutes cited, authorizing a woman to sue her husband when her separate property is concerned or when the action is between herself and her husband are inapplicable also. If the wife has a cause of action, that cause is property, but if she has no cause of action she has no property, separate or otherwise. The statutes telling what she may do *when* she has property do not give her property. The property must exist first, before the statutes governing her rights of action in respect to it come into play.

*Hageman v. Vanderdoes,* 15 Ariz. 312, 138 Pac. 1053, cited in the majority opinion, was a case in which there was an attempt to hold the husband liable to a third person for the voluntary torts of his wife as at common law. The quotation from the opinion is, in turn, a quotation from *Martin v. Robson,* 65 Ill. 129, 16 Am. Rep. 578, involving the same liability. Both cases held that the statutes giving wives control of their own persons and property removed the reason for holding husbands liable for their wives' behavior and, by removing the reason, repealed the liability. No question of rights of action by one spouse against the other was before the court, nor does it appear that the court had such a situation in mind when it indulged in the rather rhetorical passage from which an excerpt appears in the majority opinion.

Appellants state that no case has reached the Arizona supreme court in which a wife has sued her husband for an injury to her person. Respondent does not dispute it and my own search discovers none. This is not conclusive but is persuasive that in Arizona it is considered that such an action will not lie,—unless one can believe that in Arizona wives are more submissive or attorneys less enterprising than they are in Wisconsin.

I think the demurrer should have been sustained.

I am authorized to state that Mr. Justice CURRIE concurs in this dissent.