SCHOLLE, Respondent, vs. HOME MUTUAL CASUALTY COMPANY, Appellant.

*September 10—October 9, 1956.*

For the appellant there was a brief by *Backus & Waters* of Milwaukee, and oral argument by *Vernon E. Waters.*

For the respondent there was a brief by *Gerald H. Kops* and *Rubin, Ruppa & Wegner,* all of Milwaukee, and oral argument by *William B. Rubin.*

BROADFOOT, J.   The collision between the automobile and the bridge occurred in the state of Kansas, and the rights and liabilities of all persons arising therefrom are governed by the laws of that state. *Buckeye v. Buckeye,* 203 Wis. 248, 234 N. W. 342; *Garlin v. Garlin,* 260 Wis. 187, 50 N. W. (2d) 373; *Fyksen v. Fyksen,* 267 Wis. 542, 66 N. W. (2d) 150.

The defendant contends that the substantive law in Kansas, with respect to tort actions by one spouse against the other, was determined in the case of *Sink v. Sink,* 172 Kan. 217, 239 Pac. (2d) 933. That decision was filed on January 26, 1952, and determined that in Kansas neither husband nor wife may maintain an action in tort for damages against the other. That determination has not been reversed nor modified since that date by the supreme court of Kansas. The

rule, which follows the common-law rule, is based on the doctrine that a husband and wife are one, and that to permit such actions would be contrary to public policy because they would tend to disrupt the marital relation. The same rule is in effect in a majority of the states in this country. This court has adopted a different rule because of the wording of our statutes with respect to the rights of married women.

The plaintiff states that the *Sink Case* is not in point, and cites the guest statute in Kansas which provides that a gratuitous guest in a motor vehicle shall have no cause of action for damages against the owner or operator thereof for injury, death, or damage unless the same shall have resulted from the gross and wanton negligence of the operator of the motor vehicle. The trial court attempted to distinguish the facts in the *Sink Case* from those in the present case. It was the view of the trial court that the *Sink Case* presented a tort action based upon ordinary negligence, where in this case the complaint charged gross negligence. The trial court, therefore, found the Kansas guest statute to be applicable and determined that the complaint here stated a cause of action under the Kansas law. We cannot agree with the trial court's interpretation of the Kansas guest statute. That statute gives no cause of action to anyone, but in effect is a restriction upon the right of a gratuitous guest to sue a host-driver for damages incurred in an automobile accident.

In the *Sink Case* the court specifically stated that the Kansas guest statute was not applicable. The plaintiff cites several other Kansas statutes dealing with the rights of married women, many of which are similar to statutes in this state. However, the interpretations placed upon the statutes of Kansas by its supreme court are the substantive law of that state.

In 43 A. L. R. (2d) 632, there is an annotation upon the subject of the right of one spouse to maintain an action against the other for personal injury. This supplements

several earlier annotations on the same subject. On page 641 of that annotation it is stated that the courts that follow the majority rule have drawn no distinctions between actions to recover for injuries caused by the other spouse's negligence and similar actions to recover for damages caused by the other spouse's intentional wrong. The decision in the *Sink Case* referred to tort actions generally without any attempt to distinguish between negligent and intentional acts. Restatement, 1 Torts, p. 16, sec. 6, states that the word "tortious" covers both intentional and negligent acts and this court, so far as we can find, has always so held.

Finally, the plaintiff contends that in effect her complaint charges an attempted felony upon the wife and a felony (suicide) upon the driver. It is her contention that if a felony was committed, and she cites authority to indicate that attempted suicide is a crime, then the action is not based upon negligence, either ordinary or gross, and that the laws of negligence do not apply. Again we cannot agree with the argument of the plaintiff. If a person is injured by another in the commission of a felony his remedy for the recovery of damages for his injuries must be based in tort.

The fact that the action is brought against the Insurance Company cannot change the result. The complaint fails to state a cause of action.

*By the Court.*—Order reversed. Cause remanded with directions to enter an order sustaining the demurrer of the defendant.