HANSEN, Appellant, vs. HANSEN and another, Respondents.

*November 9—December 4, 1956.*

For the appellant there was a brief by *Murry & Murry* of River Falls, and *F. E. Yates* of Eau Claire, and oral argument by *J. F. Murry.*

For the respondents there was a brief by *Lawrence P. Gherty,* attorney, and *Robert A. Forsythe* of counsel, both of Hudson, and oral argument by *Mr. Gherty.*

BROADFOOT, J. The law governing the creation and extent of tort liability is that of the state where the tort was committed. *Buckeye v. Buckeye,* 203 Wis. 248, 234 N. W. 342; *Forbes v. Forbes,* 226 Wis. 477, 277 N. W. 112; *Nelson v. American Employers' Ins. Co.* 258 Wis. 252, 45 N. W. (2d) 681; *Garlin v. Garlin,* 260 Wis. 187, 50 N. W. (2d) 373; *Fyksen v. Fyksen,* 267 Wis. 542, 66 N. W. (2d) 150; *Scholle v. Home Mut. Casualty Co.* 273 Wis. 387, 78 N. W. (2d) 902.

In the case of *Rogers v. Rogers,* 265 Mo. 200, 177 S. W. 382, the supreme court of Missouri held that the state statutes enabling the wife to sue and be sued as a *femme sole* do not authorize her to maintain an action for damages for personal injuries against her husband. This rule was followed in *Butterfield v. Butterfield,* 195 Mo. App. 37, 187 S. W. 295, and in *Willott v. Willott,* 333 Mo. 896, 62 S. W. (2d) 1084. A check of these cases by means of Shepard's Missouri Citations shows that the rule has not been modified or reversed, and it is therefore established as the substantive law of Missouri.

The plaintiff relies upon a quotation used in *Jaeger v. Jaeger,* 262 Wis. 14, 53 N. W. (2d) 740, to support her contention that under Wisconsin law a wife may sue her husband in tort to recover damages sustained by her as the result of his negligence while temporarily within another state. (Plaintiff and her defendant husband herein are and were at the time of the accident residents of Wisconsin.) That quotation reads as follows (p. 17):

"The law of the matrimonial domicile governs with respect to the substantial rights of husband and wife, as between themselves and their privies, in choses in action accruing to either, although the law of the forum may affect the right of either to bring an action thereon without joining the other. Thus, where a right of action for a personal injury to the wife constitutes her separate property according to the law of

the matrimonial domicile and the wife is injured while temporarily within another state, that law has been held to govern her right in such cause of action."

The *Jaeger Case* involved an action by the wife against her husband and his automobile liability insurer to recover damages for injuries sustained by plaintiff which were caused by her husband's negligent operation of an automobile in the state of Arizona. The Jaegers were residents of Wisconsin. In that case the defendants demurred to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action and that there was a defect in parties plaintiff by reason of the omission of Mr. Jaeger as a plaintiff. Thus there were two issues to be resolved in the *Jaeger Case*.

The first issue involved the substantive law of the state of Arizona, a common-law state. No cases were called to our attention indicating that the supreme court of Arizona had passed upon the right of one spouse to sue the other for a personal tort, after the adoption of various Married Women's Acts. Some of those acts were substantially the same as those in Wisconsin. Accordingly, we followed the rule that where the statute of another state is worded substantially the same as a statute of this state on the same subject the judicial construction of the foreign law will be presumed to be the same as that of our state, in the absence of evidence to the contrary. Although not specifically referred to in the opinion in the *Jaeger Case,* that is the rule followed in *Howe v. Ballard,* 113 Wis. 375, 89 N. W. 136, and in the *Buckeye* and *Nelson Cases, supra.* It was, therefore, our conclusion that under Arizona law the wife had a cause of action against her husband.

On the second issue it was argued that Arizona is a community-property state and under Arizona law damages collected by a wife for personal injuries in a tort action are community property. Most of the opinion in the *Jaeger Case* was devoted to this second issue, and the quotation therefrom

above cited was in turn a quotation from 11 Am. Jur., Conflict of Laws, p. 376, sec. 89. We determined that a claim for damages by a wife against her husband is personal property and follows her matrimonial domicile. That rule was also pronounced in the *Buckeye Case, supra,* wherein this court held that with respect to the legal consequences of marriage, both as to the status of the parties and as to all their property interests except interests in land, the law of matrimonial domicile governs. Accordingly, the decision in the *Jaeger Case* means that even though an accident happens in a community-property state to a married woman domiciled in Wisconsin while temporarily in the other state, her cause of action follows her to Wisconsin. If the tort then was committed by her husband and if the substantive law of the state wherein the accident happened permits an action by a wife against her husband, she may recover. Stressing the second issue almost to the exclusion of the first has apparently caused our opinion in the *Jaeger Case* to be misconstrued.

In the present case the substantive law of Missouri governs. There is no dispute as to what that law is, and the trial court was correct in its determination.

*By the Court.*—Judgment affirmed.