HAUMSCHILD, Appellant, v. CONTINENTAL CASUALTY COMPANY and others, Respondents.

*March 2—April 10, 1959.*

For the appellant there was a brief and oral argument by *Thomas P. Maroney* of Milwaukee.

For the respondents there was a brief by *Shaw, Muskat & Paulsen,* attorneys, and *Jack R. Wiedabach* of counsel, all of Milwaukee, and oral argument by *Mr. Wiedabach.*

CURRIE, J.   This appeal presents a conflict-of-laws problem with respect to interspousal liability for tort growing out of an automobile accident.  Which law controls, that of the state of the forum, the state of the place of wrong, or the state of domicile?  Wisconsin is both the state of the forum and of the domicile while California is the state where the alleged wrong was committed.  Under Wisconsin law a wife may sue her husband in tort.  Under California law she cannot. *Peters v. Peters* (1909), 156 Cal. 32, 103 Pac. 219; *Cubbison v. Cubbison* (1946), 73 Cal. App. (2d) 437, 166 Pac. (2d) 387; and *Paulus v. Bauder* (1951), 106 Cal. App. (2d) 589, 235 Pac. (2d) 422.

This court was first faced with this question in *Buckeye v. Buckeye* (1931), 203 Wis. 248, 234 N. W. 342. In that case Wisconsin was the state of the forum and domicile, while Illinois was the state of the place of wrong.  It was there held that the law governing the creation and extent of tort liability is that of the place where the tort was committed, citing Goodrich, Conflict of Laws (1st ed.), p. 188, sec. 92.  From this premise it was further held that interspousal immunity from tort liability necessarily is governed

by the law of the place of injury. This principle of conflict of laws has been consistently applied in all subsequent interspousal actions in automobile accident cases except the recent case of *Bodenhagen v. Farmers Mut. Ins. Co.* (1958), 5 Wis. (2d) 306, 92 N. W. (2d) 759, 95 N. W. (2d) 822, hereinafter discussed.

The principle enunciated in the *Buckeye Case* and followed in subsequent Wisconsin cases, that the law of the place of wrong controls as to whether one spouse is immune from suit in tort by the other, is the prevailing view in the majority of jurisdictions in this country. Anno. 22 A. L. R. (2d) 1248, 1251–1253, entitled, "Conflict of laws as to right of action between husband and wife or parent and child." It is also the rule adopted in Restatement, Conflict of Laws, p. 457, sec. 378, and p. 470, sec. 384 (2). However, criticism of the rule of the *Buckeye Case,* by legal writers, some of them recognized authorities in the field of conflict of laws, and recent decisions by the courts of California, New Jersey, and Pennsylvania, have caused us to re-examine the question afresh.

In 1942, Prof. Walter Wheeler Cook of the Northwestern University Law School faculty published his book entitled, "The Logical and Legal Bases of the Conflict of Laws." It was his conclusion that the law of the domicile, and not the place of wrong, should be applied in determining whether

---

[1] The case of *Jaeger v. Jaeger* (1952), 262 Wis. 14, 53 N. W. (2d) 740, sometimes has been mistakenly interpreted as holding that the law of the domicile applied. However, as explained in *Hansen v. Hansen* (1956), 274 Wis. 262, 264, 80 N. W. (2d) 230, the law of Arizona, the place of wrong, was actually applied, but because the Arizona Married Women's Act was similar to that of Wisconsin and the Arizona courts had not construed the same with reference to tort liability, we presumed the Arizona judicial interpretation of such act would be the same as that of Wisconsin. The discussion in the *Jaeger Case* with reference to the law of domicile was confined to the community-property issue and must be so interpreted.

a wife had capacity to sue her husband in tort. Pages 248 to 250 and 345 to 346 of text. Also, in 1942, Max Rheinstein in an article in 41 Michigan Law Review, 83, 97, advocated that the law of domicile should be applied in conflict-of-laws situations to determine whether there is an immunity for tort grounded on family relationship. Ernst Rabel, in his "The Conflict of Laws: A Comparative Study" (1945), pp. 322, 323, pointed out that in the civil-law countries of western Europe prohibitions, which exclude lawsuits in tort between husband and wife, are considered part of family law and, therefore, the law of the domicile governs and not the law of the place of wrong.

The most-comprehensive treatment of the problem that we have discovered is the excellent 30-page article in 15 University of Pittsburgh Law Review, 397, entitled, "Interspousal Liability for Automobile Accidents in the Conflict of Laws: Law and Reason versus the Restatement," by Alan W. Ford, published in 1954. The article contains a careful analysis of the American cases on the subject commencing with our own *Buckeye Case*. The author's conclusion is stated as follows (p. 423):

"The *lex fori* and the *lex loci delicti* rules have already been criticized as inadequate. Between them, these two rules encompass all of the American cases. To find a more-desirable alternative we must, therefore, go beyond those cases. The foreign experience, briefly discussed above, is a useful starting point. As that experience suggests, there is some logic in separating questions of status and tort, in determining the incidents of the marital relationship by the family law, and the problems of tort by the law of torts. If a conflicts problem is involved, there is no reason why both questions should be determined by the law of torts. Instead, the two questions should remain separate, and problems of status or capacity could be referred, by an appropriate conflicts rule, to the law of the place of the domicile."

Ford, in his article, cited four cases of interspousal immunity in which American courts have refused to apply the law of the place of wrong to an automobile accident situation but instead applied their own law of the forum: *Poling v. Poling* (1935), 116 W. Va. 187, 179 S. E. 604; *Mertz v. Mertz* (1936), 271 N. Y. 466, 3 N. E. (2d) 597, 108 A. L. R. 1120; *Kircher v. Kircher* (1939), 288 Mich. 669, 286 N. W. 120; and *Kyle v. Kyle* (1941), 210 Minn. 204, 297 N. W. 744. In all four cases one spouse sued the other in the state of domicile where there existed the immunity from suit in tort in a situation where the accident had occurred in a state which had abolished the immunity. The decisions were based on the ground that the public policy of the forum state forbade one spouse suing the other in tort.[2] The holdings in these four cases are highly significant because they are inconsistent in result with the theory that the injured spouse possessed a vested right in the cause of action which had accrued in the state where the alleged negligence occurred. Furthermore, these cases are authority for the principle that public policy may be a controlling factor to be considered by the court of the forum state in determining which law it will apply in resolving a conflict-of-laws problem. This factor of public policy is also acknowledged in Restatement, Conflict of Laws, pp. 9, 10, sec. 5, comment *b*.

The first case to break the ice and flatly hold that the law of domicile should be applied in determining whether there existed an immunity from suit for tort based upon family relationship is *Emery v. Emery* (1955), 45 Cal. (2d)

[2] Conversely, after New York had abolished the immunity, it refused to hold that it offended the public policy of the forum state to apply the law of the state of wrong and deny recovery where the state in which the accident occurred still preserved the immunity. *Coster v. Coster* (1943), 289 N. Y. 438, 46 N. E. (2d) 509, 146 A. L. R. 702, rehearing denied, 290 N. Y. 662, 49 N. E. (2d) 621.

421, 289 Pac. (2d) 218. In that case two unemancipated minor sisters sued their unemancipated minor brother and their father to recover for injuries sustained in an automobile accident that occurred in the state of Idaho, the complaint alleging wilful misconduct in order to come within the provisions of the Idaho "guest" statute. All parties were domiciled in California. The opinion by Mr. Justice TRAYNOR recognized that the California court, in passing on the question of whether an unemancipated minor child may sue the parent or an unemancipated brother, had a choice to apply the law of the place of wrong, of the forum, or of the domicile. It was held that the immunity issue was not a question of tort but one of capacity to sue and be sued, and rejected the law of the place of injury as "both fortuitous and irrelevant." In deciding whether to apply the law of the forum, or the law of the domicile, the opinion stated this conclusion (45 Cal. (2d) 428, 289 Pac. (2d) 222):

"Although tort actions between members of the same family will ordinarily be brought in the state of the family domicile, the courts of another state will in some cases be a more convenient forum, and thus the question arises whether the choice-of-law rule should be expressed in terms of the law of the forum or that of the domicile. We think that disabilities to sue and immunities from suit because of a family relationship are more properly determined by reference to the law of the state of the family domicile. That state has the primary responsibility for establishing and regulating the incidents of the family relationship and it is the only state in which the parties can, by participation in the legislative processes, effect a change in those incidents. Moreover, it is undesirable that the rights, duties, disabilities, and immunities conferred or imposed by the family relationship should constantly change as members of the family cross state boundaries during temporary absences from their home."

Since the decision in *Emery v. Emery, supra,* two other courts have held that, when a court is confronted with a

conflict-of-laws problem in order to resolve an issue of whether there is an immunity from suit for tort based upon a family relationship, the law to be applied is that of the domicile state. *Koplik v. C. P. Trucking Corp.* (1958), 27 N. J. 1, 141 Atl. (2d) 34; and *Pittman v. Deiter* (1957), 10 Pa. D. & C. (2d) 360. The conclusion reached by the New Jersey supreme court in the *Koplik Case,* after first having rejected the law of the place of injury as applicable to the immunity question, is stated succinctly as follows (27 N. J. 11, 141 Atl. (2d) 40):

"As a final word on the subject, we hold the view that even where an actual conflict-of-laws problem is directly presented, it is sensible and logical to have disabilities to sue and immunities from suit arising from the family relationship determined by reference to the law of the state of the family domicile when the suit is brought in that state. Otherwise, the *lex loci* will be permitted to interfere seriously with a status and a policy which the state of residence is primarily interested in maintaining." (Citing *Emery v. Emery, supra,* and Ford's article in 15 University of Pittsburgh Law Review.)

Among recent law-review articles and notes approving the holding of one or more of the afore-cited three cases, which have held that immunity from suit based on family relationship is a matter of family law rather than tort law and should be governed by the law of the domicile, are: 31 Temple Law Quarterly, 117, 4 Wayne Law Review, 79, and 33 Indiana Law Journal, 297. All were published in 1958.

The two reasons most often advanced for the common-law rule, that one spouse may not sue the other, are the ancient concept that husband and wife constitute in law but one person, and that to permit such suits will be to foment family discord and strife. The Married Women's Acts of the various states have effectively destroyed the "one per-

son" concept thereby leaving as the other remaining reason for the immunity the objective of preventing family discord. This is also the justification usually advanced for denying an unemancipated child the capacity to sue a parent, brother, or sister.[3] Clearly this policy reason for denying the capacity to sue more properly lies within the sphere of family law, where domicile usually controls the law to be applied, than it does tort law, where the place of injury generally determines the substantive law which will govern. In making a choice between the law of the domicile and the law of the forum, in those situations where the action is not brought in the state of the domicile, the afore-quoted persuasive arguments advanced by the California and New Jersey courts in *Emery v. Emery, supra,* and *Koplik v. C. P. Trucking Corp., supra,* in favor of applying the law of domicile to decide any issue of incapacity to sue based upon family relationship, seem unanswerable.

We are convinced that, from both the standpoint of public policy and logic, the proper solution of the conflict-of-laws problem, in cases similar to the instant action, is to hold that the law of the domicile is the one that ought to be applied in determining any issue of incapacity to sue based upon family relationship.

However, in order to adopt such a conflict-of-laws rule it will be necessary to overrule at least six prior decisions of this court, and to partially overrule two others. If it ever is proper for a court to depart from *stare decisis,* we scarcely can perceive of a more-justifiable situation in which to do so. In the first place, the rule being discarded is one lying

---

[3] Rather persuasive arguments were advanced before this court in the recent case of *Schwenkhoff v. Farmers Mut. Automobile Ins. Co.* (1959), 6 Wis. (2d) 44, 93 N. W. (2d) 867, that other policy considerations require that such immunity be abolished. However, in the opinion it was pointed out that the 1957 legislature had rejected a bill which would have abolished the immunity, and that the problem was one for the legislature rather than the court.

in the field of conflict of laws as applied to torts so that there can hardly have been any action taken by the parties in reliance upon it. Secondly, strong reasons of public policy exist for supplanting such rule by a better one which does not unnecessarily discriminate against the citizens of our own state.

The most-compelling argument against taking such step is that it departs from the rule of the Restatement, and disturbs the sought-after ideal of establishing some uniformity in the conflict-of-laws field. However, as well appears from the cases hereinbefore cited, there is a clearly discernible trend away from the rule of the Restatement in so far as it requires that the law of the place of wrong is to be applied in determining questions of incapacity to sue based on family status. Furthermore, it must be recognized that, in the field of the conflict of laws, absolutes should not be made the goal at the sacrifice of progress in furtherance of sound public policy. The American Law Institute is now engaged in redrafting a revised Restatement of Conflict of Laws. In such work of revision the question of whether the law of the domicile, rather than the law of the place of wrong, should be applied, in resolving an issue of interfamily immunity from suit in tort, will undoubtedly receive consideration.

After most careful deliberation, it is our considered judgment that this court should adopt the rule that, whenever the courts of this state are confronted with a conflict-of-laws problem as to which law governs the capacity of one spouse to sue the other in tort, the law to be applied is that of the state of domicile. We, therefore, expressly overrule the cases of *Buckeye v. Buckeye, supra; Forbes v. Forbes* (1938), 226 Wis. 477, 277 N. W. 112; *Bourestom v. Bourestom* (1939), 231 Wis. 666, 285 N. W. 426; *Garlin v. Garlin* (1951), 260 Wis. 187, 50 N. W. (2d) 373;

[Six Wisconsin cases]. . . .

*Scholle v. Home Mut. Casualty Co.* (1956), 273 Wis. 387, 78 N. W. (2d) 902; and *Hansen v. Hansen* (1956), 274 Wis. 262, 80 N. W. (2d) 230. We do not overrule the result in the cases of *Nelson v. American Employers' Ins. Co.* (1951), 258 Wis. 252, 45 N. W. (2d) 681, and 22 A. L. R. (2d) 1244, and *Jaeger v. Jaeger* (1952), 262 Wis. 14, 53 N. W. (2d) 740, but we disapprove of the holding therein that the law of place of injury controlled the issue of interspousal immunity.

It is interesting to note that, if the rule now adopted had been applied in the first six cited overruled automobile accident cases, the result in four of such cases would have been to hold that there was no interspousal immunity from suit, because the parties were domiciled in Wisconsin. Only in *Forbes v. Forbes, supra,* and *Bourestom v. Bourestom, supra,* would immunity from suit have been found to exist if the law of the domicile, as interpreted by this court, had been applied to such issue.

The *Forbes Case* is the only one of the eight where the place of wrong was Wisconsin. The parties were nonresidents domiciled in Illinois. For the reasons hereinbefore set forth, it is apparent that Illinois rather than Wisconsin was the state most concerned with the policy considerations of whether the plaintiff wife had capacity to sue her husband. Furthermore, the plaintiff in the *Forbes Case* would not have fared worse in Wisconsin than she would have in the state of domicile.

The *Bourestom Case* involved "forum shopping" which ought to be discouraged rather than tolerated. There Oklahoma was the state of injury, Minnesota the state of domicile, and Wisconsin the state of forum. The adoption of the new rule would not in theory close the doors of our courts to a nonresident spouse in such a situation instituting suit in Wisconsin. However, the defendant spouse might have

a good defense in bar if he pleaded, and proved, the true state of domicile, and took the proper steps to bring before the trial court the law of such state granting the immunity.

Perhaps a word of caution should be sounded to the effect that the instant decision should not be interpreted as a rejection by this court of the general rule that ordinarily the substantive rights of parties to an action in tort are to be determined in the light of the law of the place of wrong. This decision merely holds that incapacity to sue because of marital status presents a question of family law rather than tort law.

Earlier in this opinion we made a brief reference to our recent decision in *Bodenhagen v. Farmers Mut. Ins. Co.* In that case a wife domiciled in Wisconsin instituted suit against the insurer of her husband's automobile to recover for injuries sustained in an automobile accident occurring in Illinois as a result of the alleged negligence of the husband. We first looked to Illinois law to determine whether a cause of action existed in favor of the plaintiff wife. The Illinois law was interpreted by us as holding that its interspousal immunity against suit in tort barred only the remedy and not the cause of action, and, therefore, Wisconsin, as the forum state, would not apply such law. A motion for rehearing was filed subsequent to our original decision and the brief filed in support thereof caused this court to grant a rehearing. The reason for so doing was that we entertained grave doubt as to whether we had reached the right conclusion in holding that under Illinois law the interspousal immunity to suit in tort was procedural and not substantive. Because of the result reached in the instant appeal we now find it unnecessary to pass on such last-mentioned point. In an opinion this day handed down in such rehearing in the *Bodenhagen Case* we have affirmed the original result, but have grounded the same upon the prin-

ciple herein adopted, *i.e.*, that the law of domicile controls the issue of interspousal immunity.

The concurring opinion by Mr. Justice FAIRCHILD protests that we should not adopt the conflict-of-laws rule, that interspousal immunity to suit in tort should be determined by the law of the domicile, because this was not urged in the briefs or arguments of counsel. However, appellant's brief did cite and summarize *Emery v. Emery, supra,* and on the oral argument appellant's counsel also cited *Koplik v. C. P. Trucking Corp., supra,* in which two cases such rule was adopted by the California and New Jersey courts. While the appellant's counsel did not request that we overrule *Buckeye v. Buckeye, supra,* and the subsequent Wisconsin cases dealing with this particular conflict-of-laws problem, he did specifically seek to have this court apply California's conflict-of-laws principle, that the law of the domicile is determinative of interspousal capacity to sue, to this particular case. However, to do so would violate the well-recognized principle of conflict of laws that, where the substantive law of another state is applied, there necessarily must be excluded such foreign state's law of conflict of laws. Restatement, Conflict of Laws, p. 11, sec. 7 (b); 11 Am. Jur., Conflict of Laws, p. 296, sec. 3; 15 C. J. S., Conflict of Laws, p. 872, sec. 7; Griswold, Renvoi Revisited, 51 Harvard Law Review, 1165, 1170, 1173;[4] and note in 18 George Washington Law Review, 559.

The reason why the authorities on conflict of laws almost universally reject the renvoi doctrine (permitting a court

---

[4] While Griswold in such article written in 1938 himself advocates the application of the renvoi doctrine in a case like the instant one, he concedes that the overwhelming weight of authority is contra. Cook, in his "The Logical and Legal Bases of the Conflict of Laws," pp. 248–250, expressly rejects Griswold's proposed solution and recommends instead the adoption of the conflict-of-laws principle that the law of the domicile should be applied in the first instance to a question of interspousal immunity to suit in tort.

of the forum state to apply the conflict-of-laws principle of a foreign state) is that it is likely to result in the court pursuing a course equivalent to a never-ending circle. For example, in the instant case, if the *Buckeye v. Buckeye* line of Wisconsin cases is to be followed, the Wisconsin court first looks to the law of California to see whether a wife can sue her husband in tort. California substantive law holds that she cannot. However, California has adopted a conflict-of-laws principle that holds that the law of the domicile determines such question. Applying such principle the court is referred back to Wisconsin law because Wisconsin is the state of domicile. Again the court applies Wisconsin law and, under the prior holdings of the *Buckeye v. Buckeye* line of authorities, would have to again refer to California law because such line of cases does not recognize that the law of domicile has anything to do with interspousal immunity, but holds that the law of the state of injury controls.

Wisconsin certainly should not adopt the much-criticized renvoi principle in order not to overrule the *Buckeye v. Buckeye* line of cases, and still permit the plaintiff to recover. Such a result we believe would contribute far more to produce chaos in the field of conflict of laws than to overrule the *Buckeye v. Buckeye* line of cases and adopt a principle the soundness of which has been commended by so many reputable authorities.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.

FAIRCHILD, J. (*concurring*). I concur in the reversal of the judgment, but do not find it necessary to re-examine settled Wisconsin law in order to do so. A fundamental change in the law of Wisconsin such as the one announced by the majority in this case, which will importantly affect many people, should be made, if at all, in

a case where the question is necessarily presented. Both parties assumed that their case would be decided under the principle which is being overturned by the majority, and accordingly, we have not had the benefit of brief or argument upon the validity of the principle.

1. *Solution of this case without overruling previous decisions.* Plaintiff wife alleges a personal injury tort cause of action arising in California against defendant husband. Defendant husband pleads that she has no cause of action because she was his wife. It has been the rule in Wisconsin that the existence or nonexistence of immunity because of family relationship is substantive and not merely procedural, and is to be determined by the law of the locus state. The law of California is that the existence or nonexistence of immunity is a substantive matter, but that it is an element of the law of status, not of tort. The tort law of California is no more concerned with immunity than is Wisconsin's. Thus it makes no difference under the facts of this case whether we look directly to the law of Wisconsin to determine that immunity is not available as a defense or look to the law of Wisconsin only because California, having no general tort principle as to immunity, classifies immunity as a matter of status.

2. *Policy questions requiring full consideration.* Under the principle announced by the majority that the existence or nonexistence of immunity is a matter of status, our courts must henceforth recognize immunity as a defense where the alleged tort occurred in Wisconsin, but the parties are married and are domiciled in an immunity state. This would mean that such an act is or is not a remedial wrong depending upon the state where the parties happen to be domiciled.

The determination of domicile is not always easy, yet the courts will henceforth be required to determine it in many cases where it has heretofore been considered im-

material. A good many married couples who may have domicile in other states are in Wisconsin for extended periods. Some, for example, are students at colleges and universities, some stationed here for military duty, some temporarily assigned here by employers, and some vacationing. Under the rule abandoned by the majority, a tortious act done in Wisconsin by a nonresident and injuring his spouse gave rise to the same civil liability as if done by a permanent resident.

The problem involved apparently has its principal impact because of injuries sustained in automobile accidents where members of a family travel together across state lines. Under the new rule Wisconsin courts will not countenance the defense of immunity for a Wisconsin husband when sued by his wife for an injury occurring in an immunity state. I concede there is some merit to the logic relied upon and that there may be some practical benefit to Wisconsin people. It is to be remembered, however, that under the law of many states a wife will have no cause of action for simple negligence of her husband because she will be a gratuitous guest. The fact that she and her husband are domiciled in Wisconsin and that they are on a family trip which began in Wisconsin will not exempt her from that principle of tort law. Thus the purely practical benefit to Wisconsin people which might appear at first blush to arise from the new rule will be limited.

If we deem it necessary and proper at this stage to reject a well-settled rule of law, should we limit ourselves to all the implications of the rule that the availability of the defense of immunity is to be governed by the law of domicile? If we have a free choice of what the law is to be henceforth might not the public policy of Wisconsin be better served by some other alternative? One possible alternative is that the availability of the defense of family immunity will be determined by the law of the forum. Actually this is

the result reached in a good many of the decisions, although different reasons are given. Admittedly, the proposition that family immunity is substantive and destroys or prevents the existence of a cause of action can be supported by neater logic than a proposition that it is only a denial of a remedy in the courts of a particular state, but these arguments are metaphysical and might well be re-examined if greater justice would be accomplished as a practical matter by a change in thinking.

Another possible alternative would be that the forum state when faced with the question of immunity choose the law of whichever state (locus or domicile) conforms more closely to its own. The party adversely affected by such a rule can be said to have subjected himself to the law of the domicile state by choosing to live in it or to the law of the locus state by choosing to travel in it. Our legislature has set up a similar rule for a choice of law with respect to the mode of execution of a will outside of Wisconsin. Sec. 238.07, Stats.

In summary, I would dispose of the present case upon the theory that California law governs the existence of the alleged cause of action and that in California the immunity question cannot be decided by resort to the law of torts but rather the law of status. I would leave to a later case the consideration of whether the Wisconsin rule of choice of law as to the defense of family immunity should remain as heretofore or, if it is to be changed, which rule will be best.

I am authorized to state that Mr. Justice BROWN concurs in this opinion.