14380

HARRINGTON v. NICHOLSON

(188 S. E., 372)

*Messrs. W. B. Norton* and *W. D. Jenerette,* for appellant,

*Messrs. L. M. Gasque* and *Gibson & Muller,* for respondent,

November 16, 1936.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Appellant brought action against respondent to recover damages for alleged malicious prosecution. The case was tried by Judge Dennis, with a jury, at the December, 1934, term of the Court of Common Pleas for Marion County, and resulted in a verdict for plaintiff. The defendant made a motion for new trial on three grounds, only one of which was considered by the Court, viz.: "That the jury was composed of two relatives of the plaintiff, unknown to the plaintiff or unknown to his attorney." The motion was granted, and the plaintiff appeals on three exceptions, all of which relate to alleged error in granting new trial on the ground of relationship of two of the jurors to plaintiff.

In support of the motion for new trial, appellant's counsel introduced a paper signed by Mrs. Eliza Johnson, who certifies that she personally knows Henry Carter (one of the jurors in the stated case); that his wife, Aurilla, is the first cousin of the mother of Henry Carter. She further certifies that she is personally acquainted with W. W. Price (another

of the jurors) ; that he is also a first cousin of Mrs. Harrington, the mother of Ray Harrington.

This paper is not sworn to by Mrs. Johnson. B. B. O'Neal makes oath that he saw her sign it.

They also introduced the affidavit of the respondent to the effect that he knows the jurors, Henry Carter and W. W. Price; that he lives within a few miles of them, but had no knowledge nor intimation that there was a relationship between them and appellant; that after the trial of the case between Ray Harrington and himself, he was told by others that such relationship existed and went to Mrs. Eliza Johnson, who made the statement giving the relationship of the parties, which he attempts to set out in his affidavit.

As against this showing for the motion, the appellant introduced affidavits of Henry Carter and W. W. Price, who swear, each of them, that he is not related to Ray Harrington by blood or marriage; that if there is any relationship he does not know of it, has never heard of it, and has never recognized it.

At the hearing of the motion the trial Judge said: "I had all of these jurors called in and asked about the relationship, and they say they didn't know they were kin. I am inclined to think this verdict ought to be above suspicion; and this old lady says the kinship was thus and so, by telling the parents. She doesn't just give an opinion; she tells who their fathers and mothers were, and all, who they married, and brings one clearly within the prohibition. I think I will have to set the verdict aside on grounds of relationship."

When his Honor said, "I had all the jurors called in and asked about the relationship, and they said they didn't know they were kin," he probably meant that before the jury was struck, the trial Judge of his own motion stated to the whole panel of jurors the names of the parties to the action and instructed them if any of them were related to either party to make it known by rising. One juror answered that he was related to the plaintiff, and his name was withdrawn from

the list. The jurors were not put on their *voir dire*. At the hearing of the motion, the counsel for appellant offered to bring in the two jurors for examination, but the Court declined the offer, saying that all the parties had announced themselves ready and he had acted on the showing made.

We agree with the trial Judge that a verdict should be above suspicion, and it is conceded that the granting of motions for new trial is a matter largely within the discretion of the Judge, but it is well established that the exercise of that discretion must be in accord with sound legal principles and practice. It is no less well established that verdicts found after regular and legal trial in a competent Court ought not lightly be disturbed.

It was incumbent on the movant in this case to show by competent evidence the relationship of the jurors as it is complained of. We do not think such competent evidence has been produced. His Honor explicitly states that he relies for his judgment on the statement of Mrs. Eliza Johnson. That statement is not evidence; she does not swear to it. One Mr. O'Neal swears that he saw the statement signed by Mrs. Johnson; the statement of what she said is only hearsay. Nor does the affidavit of the respondent cure the defect. He attempts to set out what Mrs. Johnson says, but his statement thereabout is the veriest hearsay. Legal evidence is that statement made under oath before a properly constituted tribunal, or officer. It is significant that the statement of Mrs. Eliza Johnson, upon which the trial Judge predicated his order, is not sworn to by her, and should not have been considered.

In the case of *Stevenson v. Kirkland Seed Co.*, 176 S. C., 345, 180 S. E., 197, 202, a motion for new trial was made upon the ground that one of the jurors who tried the case was not a resident of the county where the trial was had. The motion was based upon the affidavit of the defendant to the effect that after the trial a bailiff had told him that J. H. Summers, one of the jurors, was not a resident of Richland County; that later he talked with Summers, who gave him a

written statement to the effect that he was not then a resident of Richland County. "The statement of Mr. Summers was not sworn to." That significant sentence appears in the record, although the motion for new trial was refused upon another ground to which we will later advert. The Court, in considering the question made by the defendant's affidavit of the residence of Summers, said: "His bare statement is not conclusive of the matter."

In the case before us there is no proof of the relationship complained of except the "bare statement" of Mrs. Johnson, and this is controverted by the sworn statement of the jurors that there is no such relationship.

It is the settled policy of the law that to entitle one to relief of the character of that sought in this case, it is not only necessary to show that the jurors were disqualified because of their relationship to the winning party, but, also, that due diligence had been used before the trial to ascertain if any of the jurors were related to the parties to the suit.

We are of opinion that the learned trial Judge, in the exercise of his discretion, erred as a matter of law in granting the motion to set aside the verdict and grant a new trial.

The order appealed from is reversed.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.