### 16911

FRANCIS WOOD, BY HIS GUARDIAN AD LITEM, v.
B. MARLGRO ENGLAND *ET AL.*

(83 S. E. (2d) 644)

*John M. Schofield, Esq.,* of Walhalla, *for Appellant,*

*Messrs. Francis Fant and Rufus Fant,* of Anderson, *for Respondent, B. Marlgro England,* and *J. Pat Miley* of Wal-

halla, *for Respondent, Glen Moore,*

Sept. 15, 1954.

TAYLOR, Justice.

This appeal comes from the Court of Common Pleas of Oconee County where appellant as guardian ad litem for T. Henry Wood sought to recover damages for injuries which were alleged to have been received when a car owned by B. Marlgro England, in which he was riding, was in collision with a truck of respondent, Glen Moore.

Upon call of the case, attorney for appellant handed to the presiding Judge the following statement:

"The plaintiff in the above entitled action respectfully requests the court to examine the jury Venire upon the following questions:

"(1) Is any member of the jury panel an employee, policy-holder, stockholder, agent or in any manner connected with the Hardware Mutual Casualty Company of Stephens Point, Wisconsin, or the National Fidelity Insurance Company of Spartanburg, South Carolina?

"(2) Has any member of this jury panel read and been influenced by certain advertisements which have been run in various magazines dealing with jury verdicts and paid for and sponsored by a certain group of insurance companies?"

The foregoing request was refused and the trial proceeded upon the merits resulting in a verdict for the defendants.

Plaintiff thereafter moved for a new trial and assigned as one of the grounds the Court's refusal to grant the above

request. This was also denied and appellant now comes to this Court upon the sole question of whether or not it was error to refuse appellant's request Number One that the jury *venire* be examined on their *voir dire* as to connections, if any, with specified insurance companies.

It is a well-settled principle of law in this state that in such cases the offering of evidence or the argument of counsel to the jury relative to insurance is highly improper and warrants the Court declaring a mistrial, *Anderson v. Ballenger,* 166 S. C. 44, 164 S. E. 313; *Horsford v. Carolina Glass Company,* 92 S. C. 236, 75 S. E. 533. In the instant case, however it is not a question of offering evidence of insurance or argument of counsel relative thereto but a question of the Court inquiring of prospective jurors their connection, if any, with certain named insurance companies. Perhaps the most enlightening case of this jurisdiction on the subject is *Pardue v. Pardue,* 167 S. C. 129, 166 S. E. 101, 103. Justice Bonham, writing a separate concurring opinion which was concurred in by Justices Blease and Stabler, stated:

"I think it was error to permit counsel, while the jury was being listed by the clerk, to ask that the jurors be questioned as to whether any of them were agents of insurance companies. There was nothing in the pleadings which directly suggested that an insurance company was interested in the outcome of the trial. The effect of the question sought to be asked of the jurors was, necessarily, to inform the jurors that such an issue was involved. Ordinarily such a situation would make it obligatory on the court to continue the case, or if the trial had been entered upon, to direct a verdict. This court is committed to complete adherence to the doctrine expressed by Mr. Justice Woods in the case of *Horsford v. Carolina Glass Co.,* 92 S. C. 236, 75 S. E. 533, 541: 'There can be no doubt on the bench or at the bar, that, in an action by an employee against his employer to recover damages for personal injury, both reason and authority forbid bringing into the evidence or argument

the fact that defendant is protected by employer's liability insurance. Such evidence or argument has a manifest and strong tendency to carry the jury away from the real issue and to lead them to regard carelessly the legal rights of the defendant on the ground that some one else will have to pay the verdict. This is the only reason that can be assigned for attempting to use such testimony and argument. One of the most manifest and pressing duties, not only of courts, but of lawyers, is to prevent influences of this kind from finding their way into the administration of justice. In the discharge of this duty the entire commonwealth is deeply concerned, for the use in evidence and argument of such influences produces injustice, and waste of the time and labor of courts and juries at great public cost.' "

The *Pardue case, supra,* from which we quote above, was an action by a wife against her husband to recover damages for personal injuries suffered by her by reason of heedless and reckless conduct of the husband and it was evident throughout the trial that the husband and wife were on amicable terms. The opinion, after stating that the Court "desires it to be understood that it stands squarely by that principle," continued by stating that "the court will take notice that in this day of use of automobiles many owners of such machines carry insurance to indemnify them for damages claimed of them for injuries inflicted by their cars. In such state of facts every intelligent juror on that panel knew, before any question was asked, that defendant was protected by indemnity insurance." And the Court further stated that there may be circumstances connected with the introduction of the question of insurance which would negative the injurious effects brought about by such introduction, such as, to make remanding of the case for a new trial a "useless gesture" and proceeded to hold that the *Pardue case* fell within that category.

The decisions of the various Courts on this subject range all the way from prohibiting the mention of insurance in any form to apparent unlimited questioning on their *voir dire*

relative thereto. See annotations, "Right to interrogate jurors on *voir dire* with reference to insurance." 56 A. L. R. page 1454, and 74 A. L. R. page 860.

A great many jurisdictions, however, recognize the right of a plaintiff in personal injury cases to, *in good faith,* interrogate a prospective juror on his *voir dire* as to his or his relatives' possible connection with or interest in liability insurance companies for the purpose of intelligently exercising his right to challenge such juror with a view to procuring a jury free from bias and prejudice, but on the other hand denies permission to indiscriminately ask questions relative to a juror's possible connection with liability insurance companies, as one might by *inuendo* and suggestion lead the jurors to conclude that there was insurance when, in fact, no insurance existed resulting in prejudice to a defendant. Just where to draw the line on questioning a prospective juror with a view to selecting a jury free from bias and prejudice and yet not by the very questions asked inject extraneous and prejudicial matter into the case has been a source of great concern to the Courts and no general rule apparently has been framed thereabout. Each case depends more or less on its own circumstances and the existence of good faith on the part of the moving party and what constitutes good faith has been held a matter largely within the discretion of the trial Judge. *Fulcher v. Pine Lumber Co.,* 191 N. C. 408, 132 S. E. 9.

It should be stated that in the instant case there is no evidence of bad faith but the pleadings do not indicate that there is any connection with any liability insurance company and no showing relative thereto was made before the trial Judge either upon trial of the case at the June, 1953, Term, or prior to the order of the trial Judge, refusing a new trial, dated August 11, 1953, or since; hence there is no showing that appellant was in anywise prejudiced by the ruling of the trial Judge under the circumstances in denying the request and no abuse of discretion in the absence of which the order appealed from

should be affirmed under *Harrington v. Nicholson,* 182 S. C. 38, 188 S. E. 372.

We are of the opinion that all exceptions should be dismissed and it is so ordered.

STUKES, OXNER and LEGGE, JJ., and E. H. HENDERSON, Acting Associate Justice, concur.