371 P.2d 1014

W. Francis WILSON, Appellant,

v.

J. Newton BRAMBLETT and Elizabeth Bramblett, his wife, Frank J. Stefanich and Effie M. Stefanich, his wife, Stuart M. White and Helen K. White, his wife, James G. Huebner, a widower, Tim Mazzoni and Gladys Mazzoni, his wife, and F. M. Hammack and Niva M. Hammack, his wife, as individuals and as members of The Kipling Syndicate, Co-partnership, and The Kipling Syndicate, Co-partnership, Appellees.

No. 6928.

Supreme Court of Arizona,

In Division.

June 6, 1962.
Rehearing Denied July 5, 1962.

Richard A. Wilson, Phoenix, and Kent A. Blake, Phoenix, for appellant.

Langmade & Sullivan, Phoenix, and Lawrence W. Young, Fresno, Cal., for appellees.

M. T. PHELPS, Justice (retired).

This is an action brought by plaintiff-appellant in this state against defendants-appellees to recover the sum of $9,645.54 together with interest, for legal services rendered over a period of years. The parties will hereinafter be designated as plaintiff and defendants. The defendants were members of a limited partnership with headquarters in Fresno, California, operating under the name of The Kipling Syndicate.

The complaint in the instant case contains two counts: one based on a stated account and the second on an open account for legal services and for money advanced to defendants.

Plaintiff had previously brought an action in Fresno, California, against said defendants based upon the same transaction but predicated his action upon an original and a copy of a promissory note signed by two members of the partnership. Later the signature of the Kipling Syndicate by C. M. S. Kipling was added to the copy. Kipling and Ernest K. Bramblett and Lois Bramblett, his wife, were not served with process in the California case and neither appeared or answered the complaint.

In that case the trial court found that the original note was conditionally delivered and was to have no force or effect until signed by J. Newton Bramblett who refused to sign it, and that the copy was materially altered and C. M. S. Kipling had no authority to execute the note for the copartnership and consequently held the note invalid and of no force or effect. Judgment was therefore entered for defendants and plaintiff appealed to the California District Court of Appeals.

The District Court of California in that case entitled Wilson v. Bramblett, 151 Cal. App.2d 369, 311 P.2d 22 (1957), said:

"Many of the several defenses made by respondents and found by the court as to why the note was unenforceable against these defendants appear to be tenable. Without discussing them, we conclude that respondents' liability on the original note and copy thereof sued upon was conditional, depending upon the signature of Bramblett or ratification by the individuals signing and was not duly executed and delivered, within the meaning of that term. This conclusion is sufficiently supported by the evidence and the law even though appellant retained a copy of the note. *It therefore becomes unnecessary to determine the other claimed defenses."* (Emphasis supplied.) 311 P.2d at 25.

The Court further said:

"* * * It has been definitely held

that where a note is given under an agreement that it is not to become binding until signed by another person, the failure to obtain said additional signature precludes a recovery as between the original parties or transferees who have notice of the agreement, unless the obtaining of the additional signature is wrongfully prevented by the maker. (Citing cases.)" 311 P.2d at 25.

The Court thereupon proceeded to affirm the judgment of the trial court upon the sole ground as shown above that *"the note was not duly executed or delivered within the meaning of the terms."* (Emphasis supplied.)

We have quoted at length from the California decision in order to show that such decision is based exclusively upon the fact that the delivery of the original note was conditional depending upon the additional signature thereto of Bramblett or ratification by the individuals signing and was not executed and delivered within the meaning of that term. With this view we whole-heartedly agree.

The Arizona trial court in the instant case expressly found all of the allegations of fact in the complaint were true and therefore found all of the issues in favor of plaintiff W. Francis Wilson and against the defendants C. M. S. Kipling and Ernest

K. Bramblett and Lois Bramblett, his wife, because they were not served in the California case with process and did not appear or answer in that case, and entered judgment against them. However, the court found that the California judgment was res judicata as to all defendants appearing and answering in that case and entered judgment in their favor and against the plaintiff upon the ground of res judicata alone. From this portion of the judgment plaintiff has appealed to this court.

We therefore have presented for our consideration the sole question of whether the California judgment is res judicata as to the defendants there and consequently whether plaintiff may maintain the instant cause of action.

It is, of course, urged by defendants here that it is, and by plaintiff that it is not res judicata.

The California court was presented first with the question of whether the note sued upon was a valid contract since one of the defenses was that the note was delivered conditionally for the purpose of procuring the signature of J. Newton Bramblett, another member of the copartnership. The court found the note to be invalid because the signature of J. Newton Bramblett to said note was never procured and the original note never returned to plaintiff. In other words, it found the original note had

never been delivered to plaintiff and that the copy retained by plaintiff had been materially altered by adding the signature of the Kipling Syndicate by C. M. S. Kipling and that Kipling had no authority to sign the name of the copartnership thereto. Of course, if the original note was not delivered under the circumstances of the case it could not be claimed that there was a delivery of the copy retained by plaintiff. When the court found nondelivery of the original note it followed as a matter of law that the note was invalid and that judgment must be entered for defendants regardless of whether the plaintiff had rendered valuable services for defendants or whether defendants had paid him therefor.

With respect to whether the California decision is conclusive upon this court in a different cause of action arising out of the same transaction we have adopted the language laid down in 34 C.J. 909 to the effect that:

"The rule is often stated in general terms that a judgment is conclusive not only upon the questions actually contested and determined, but upon all matters which might have been litigated and decided in that suit; and this is undoubtedly true of all matters properly belonging to the subject of the controversy and within the scope of the issues, so that each party must make the most of his case or defense, bringing forward all his facts, grounds, reasons, or evidence in support of it, on pain of being barred from showing such omitted matter in a subsequent suit; and it is also true that where the second suit is upon the same cause of action all matters which might have been litigated are conclusively settled by the judgment; * * * *But the weight of authority is that where the second action, although between the same parties, is on a different cause of action, the judgment is not conclusive on all matters which might have been litigated in the former action, but only as to such points or questions as were actually in issue and adjudicated thereon.*" (Emphasis supplied.) Fischer v. Hammons, 32 Ariz. 423, 430, 259 P. 676, 678 (1927).

Our Rule 18(a) insofar as here pertinent provides that:

"The plaintiff in his complaint * * may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party. * * *" 16 A.R.S. R.Civ.P.

In this jurisdiction this has long been the recognized practice.

As early as 1928 in the case of Kunselman v. Southern Pac. R. R. Co., 33 Ariz. 250, 263 P. 939, we held that an action on an open account constituted a different cause of action to an action on an account stated, although arising out of the same transaction. Plaintiff in that case brought his action on an open account. Later, after the statute of limitations had run he attempted to amend his complaint to plead an account stated. ·The court held that this was not an amendment but that he had pleaded a new cause of action and therefore the statute of limitations had run against it and ordered the action dismissed.

■ The court said:

"The fact that the same debt lies at the foundation of distinct causes of action does not render them identical. * * *" 33 Ariz. at 258, 263 P. at 941.

and after illustrating the truth of this statement, not pertinent here, stated that:

"The test generally laid down for a departure is whether proof of additional facts will be required. * * *" 33 Ariz. at 259, 263 P. at 941.

citing 21 R.C.L. 583 and 31 Cyc. 418. This is still the law in this jurisdiction and it refutes the contention that joinder of several causes of action is compulsory.

Now, let us apply the above test to the instant case. Had the notes in the California case been held to be valid and enforceable the only evidence required of plaintiff to entitle him to judgment would have been to prove that defendants were the persons who executed and delivered the note to him and that the debt had not been paid, introduce the note in evidence and rest his case. Consideration is presumed, § 44–424 A.R.S., and the burden was on defendants to prove failure of consideration or any other defense interposed. The defendants proved nondelivery of the note; that it was materially altered, etc. The appellate court rested its decision upon its nondelivery.

■ The issues in that case and the evidence introduced therein necessary to support the judgment of the trial court were entirely foreign to the facts necessary to be proved in either count in the instant case. And the evidence to support a judgment for plaintiff in that case to entitle him to judgment was in no respect similar to the evidence in the instant case. Upon proving nondelivery of the note defendants were then and there entitled to judgment. This merely deprived plaintiff of his one means of proving that defendants were indebted to him in that case but did not close the door to him to prove his case in other causes of action available to him.

In the cause of action based upon an open account plaintiff had to prove not only that

he rendered the services alleged in his complaint but he had to prove each item thereof and its value.

On the other hand if he proceeded upon the account stated his proof is again different from what he would have to prove on an open account. The items necessary to be proved in the open account are merged into the new agreement fixing the amount stated which is the balance mutually agreed upon between the plaintiff and defendants and as said in Chittenden and Eastman Co. v. Leader Furniture Co., 23 Ariz. 93, 201 P. 843 (1921):

"* * * The party in whose favor the balance in a stated account appears is virtually in the position of the holder of a promissory note, while the other party is obligated practically as the maker thereof (Citing cases). Hence the allegation of facts relating to the prior transactions of the parties or referring to the manner in which the new agreement came about has no place in the complaint any more than the facts leading to the giving of a promissory note would be proper in a suit thereon. * * *" 23 Ariz. at 95, 201 P. at 844.

An examination of the California authorities indicated that even if California has not adopted Rule 18(a) of the Federal Rules, 28 U.S.C.A., it has followed the same practice as we have with respect to the joinder of different causes of action in the same complaint. The case of Goldwater v. Oltman, 210 Cal. 408, 292 P. 624, 71 A.L.R. 871, decided in 1930 is ample proof of that fact as well as the fact that a plaintiff may or may not join all of his causes of action in one complaint. In that case the plaintiff did join his action on a promissory note, on an open account and on a stated account.

The court there said that it seemed to be conceded that all three causes of action were based upon the same transaction and that plaintiff had the right to set them forth and if need be, even inconsistent counts (Citing cases). The court then stated:

"* * * The law is well settled that in such cases a plaintiff cannot be compelled to elect as to the cause of action upon which he desires to rely. * * *" (Citing cases.) 292 P. at 630.

It later stated it was proper for the plaintiff to join the causes of action in one complaint and it was error for the trial court to compel an election. It would appear to us to logically follow that if a defendant cannot compel an election where two or more causes of action are joined, he cannot require a compulsory joinder in the first place.

The statement in 8 Cal.Jur.(2d), Bills and Notes § 181, is to the same effect as that

**290**

set forth in the Goldwater case, *supra*. It states that a person may properly join an action on a promissory note with an action on the original indebtedness such as a book account, together with another on a stated account. The language clearly indicates that it is permissive and refutes the claim that it is compulsory. Having determined that joinder of different causes of action arising out of the same transaction as in the instant case, the conclusion is irresistible that the California judgment between the same parties is not res judicata as to plaintiff's legal rights in the instant action and we so hold.

We have read all the cases cited by defendants and find no support in any of them for their contention that the judgment and decision in the California case is res judicata in the instant case. The cases cited by defendants, we believe, support the views above expressed by us.

Therefore, the judgment of the trial court is affirmed as to C. M. S. Kipling and Ernest K. Bramblett and Lois Bramblett, his wife, and reversed as to the remaining defendants and the cause is remanded to the trial court with directions to enter judgment against said defendants in the amount prayed for together with interest at 6% from August 30, 1951, until paid.

BERNSTEIN, C. J., and STRUCKMEYER, J., concur.