477 P.2d 561

**Kathryn M. WINDAUER, Appellant,**

**v.**

**Joseph O'CONNOR, Appellee.**

**No. 2 CA–CIV 868.**

Court of Appeals of Arizona,
Division 2.

Dec. 3, 1970.

Rehearing Denied Dec. 28, 1970.

Review Granted Feb. 16, 1971.

---

Herbert E. Williams, Tucson, for appellant.

William Messing, Tucson, for appellee.

HATHAWAY, Judge.

Does interspousal tort immunity preclude an action after divorce to recover for personal injuries sustained through a gunshot wound intentionally inflicted by one spouse upon the other during marriage? This is the principal question raised on this appeal.

The parties were married on April 16, 1966. Approximately one year after the marriage, the husband's heavy drinking led to arguments and fights, which culminated in the husband, Joseph O'Connor, shooting his wife Kathryn in the head on March 6,

1968. At the time of the shooting, he was 62 years old and she was 72.

A criminal prosecution ensued, resulting in a guilty plea by O'Connor on October 19, 1968 to a charge of assault with intent to commit murder. He is presently serving the sentence on that charge at the Arizona State Prison.

His wife filed a complaint for divorce and was awarded a decree of divorce on October 4, 1968. In the decree her name was changed to Kathryn M. Windauer.

After securing the divorce, she brought this action against O'Connor to recover for her personal injuries sustained from the shooting. A defense motion for summary judgment was filed asserting that interspousal immunity precluded the action, and that the divorce "was res judicata against the present tort action." The trial court granted the motion for summary judgment based upon both grounds, and the plaintiff appeals.

Interspousal tort immunity is a common law doctrine founded in the legal unity of the husband and wife. Prosser on Torts, 3rd Ed. p. 879–885. Since they were considered one person, the wife's identity merged with the husband's and her legal existence was suspended during coverture.[1] The husband acquired all rights to the wife's property including choses in action, provided that he "reduced them to possession" during marriage. Thus, evolved the rule of interspousal tort immunity. Abrogation of this common law unity by statute in regard to their separate property was recognized in Whitson v. State, 65 Ariz. 395, 181 P.2d 822 (1947). Also see Eshom v. Eshom, 18 Ariz. 170, 157 p. 974 (1916) and Hageman v. Vanderdoes, 15 Ariz. 312, 138 P. 1053 (1914).

A.R.S. § 1–201 provides:

"The common law only so far as it is consistent with and adapted to the natural and physical conditions of this state and the necessities of the people thereof, and not repugnant to or inconsistent with the constitution of the United States or the constitution or laws of this state, or established customs of the people of this state, is adopted and shall be the rule of decision in all courts of this state."

In Schwartz v. Schwartz, 7 Ariz.App. 445, 440 P.2d 326 (1968), our court considered an automobile negligence case which held that interspousal tort immunity is the rule in Arizona. The judgment of the Court of Appeals was vacated on review, Schwartz v. Schwartz, 103 Ariz. 562, 447 P.2d 254 (1968), where the court observed that "Arizona has adhered to the common law position that interspousal tort suits are not permitted." However, this is not the holding of the court nor was the problem considered in depth, it being unnecessary to do so because in resolving the conflict of laws question the New York law was applied. Since *Schwartz,* our Supreme Court has considered the question of parental immunity in Streenz v. Streenz, 106 Ariz. 86, 471 P.2d 282 (1970), where the general doctrine of parental tort immunity was eliminated with exceptions, overruling Purcell v. Frazer, 7 Ariz.App. 5, 435 P.2d 736 (1967).

In the main, the same arguments generally advanced for the retention of parental tort immunity have also been given for the retention of interspousal tort immunity, namely: the promotion of domestic felicity and peace, the avoidance of collusion and the elimination of trivial claims. None of the reasons appear to be served here. Preclusion of the action in order to promote conjugal harmony is preposterous when we consider the act, which in effect destroyed the marriage as a going concern, the criminal prosecution and subsequent imprisonment. Furthermore, dissolution of the marriage eliminates this reason from consideration. The judicial process is surely able to cope with any risk of collusion, which seems highly unlikely, if not impossible, in this action. Streenz v. Streenz,

---

1. A notable exception is found in the criminal law where they were regarded as separate individuals.

supra. Although this danger may be present in many lawsuits, this is scarcely a valid reason for abrogating an otherwise valid claim upon which relief can be granted. The claim here clearly is not trivial. Yellow Cab Co. of D. C., Inc. v. Dreslin, 86 U.S.App.D.C. 327, 181 F.2d 626 (1950); Self v. Self, 58 Cal.2d 683, 26 Cal.Rptr. 97, 376 P.2d 65 (1962); Brown v. Gosser, 262 S.W.2d 480 (App.Ct.Ky.1953); Prosser on Torts, 3rd Ed. p. 879–885; Steele v. Steele, 65 F.Supp. 329 (Dist.Ct. of U.S. for D.C. 1946). The modern trend is to deny interspousal immunity. 43 A.L.R.2d 632, Prosser, supra.

A.R.S. § 1–201, quoted above, sets forth the guide that the common law is adopted " * * * only so far as it is consistent with * * * the necessities of the people * * * and not repugnant to or inconsistent with * * * the constitution or laws of this state." Therefore, if the common law serves the people, it is to be followed and not otherwise. When the reason for a common law rule does not exist, the rule ceases. Hageman v. Vanderdoes, supra.

In *Hageman,* holding that the husband is not a necessary party defendant in an action in tort against his wife, our Supreme Court quoting from Martin v. Robsin, 65 Ill. 129, 16 Am.Rep. 578, observed:

" 'The unity of husband and wife has been severed. They are now distinct persons, and may have separate legal estates, contracts, debts, and *injuries.* * * His legal supremacy is gone, and the scepter has departed from him * * * Her brain and hands and tongue are her own.' " (Emphasis added) Hageman, supra, 15 Ariz. p. 326, 138 P. p. 1058.

Necessary entrenchments upon this doctrine, to which the common law gave birth, lie appropriately within the domain of appellate courts, Stone v. Arizona Highway Commission, 93 Ariz. 384, 381 P.2d 107 (1963); Ray v. Tucson Medical Center, 72 Ariz. 22, 36, 230 P.2d 220 (1951).

A.R.S. § 25–214, subsec. A provides:
"Married women of the age of twenty-one years and upwards have the same legal rights and are subject to the same legal liabilities as men of the age of twenty-one years and upwards except the right to make contracts binding the common property of the husband and wife."

No exception is made precluding a tort action against the husband. Moreover, Rule 17(e), Arizona Rules of Civil Procedure, 16 A.R.S., provides:

*"Married woman as party; actions for necessaries.* When a married woman is a party her husband shall be joined with her except when the action concerns her separate property, *or is between herself and her husband, in which she may sue or be sued alone.* If a husband and wife are sued together, the wife may defend in her own right. The husband and wife shall be sued jointly for all debts contracted by the wife for necessaries furnished herself or children." (Emphasis added)

Dean Prosser disapproves of the doctrine of interspousal immunity, pointing out that it is based chiefly on an unwillingness to disrupt marital bliss. He belittles this reason, stating that it is based:

" * * * on the bald theory that after a husband has beaten his wife, there is a state of peace and harmony left to be disturbed; and that if she is sufficiently injured or angry to sue him for it, she will be soothed and deterred from reprisals by denying her the legal remedy— and this even though she has left him or divorced him for that very ground, and although the same courts refuse to find any disruption of domestic tranquility if she sues him for a tort to her property, or brings a criminal prosecution against him. If this reasoning appeals to the reader, let him by all means adopt it." Prosser, Law of Torts § 116, p. 883 (3rd Ed. 1964). For a similar view see McCurdy, Torts Between Persons in Domestic Relations, 43 Harvard Law Review 1030 (1930).

Such reasoning does not appeal to us. Furthermore, the North Carolina Supreme Court pointed up the absurdity of the marital harmony reasoning, when it commented:

> "Whether a man has laid open his wife's head with a bludgeon, put out her eye, broken her arm, or poisoned her body, he is no longer exempt from liability to her on the ground that he vowed at the alter to 'love, cherish, and protect' her. We have progressed that far in civilization and justice." Bogen v. Bogen, 219 N.C. 51, 12 S.E.2d 649, 651 (1941).

We believe that the most enlightened approach, although it is the minority view (apparently a growing minority), requires that the action be permitted. This view seems most consistent with the married women's statutes, and with good common sense. At least twenty jurisdictions appear, as of this time, to permit such a lawsuit.[2] There are no reported cases from Arizona,

but Jaeger v. Jaeger, 262 Wis. 14, 53 N.W. 2d 740 (1952) construed Arizona's statutes as authorizing interspousal suits. Later in Hansen v. Hansen, 274 Wis. 262, 80 N.W.2d 230 (1956), the Wisconsin court recognizes the question as undetermined in Arizona.

■ The doctrine of interspousal tort immunity should not bar this action.[3] As we have observed, retention of this vestigial common law relic serves only to recall past ages when the partnership role of spouses was submerged in the autocrat-husband concept. It thwarts just results as is graphically illustrated in the instant case where the husband's conduct, in effect, destroyed the marriage. We will not perpetuate a doctrine that operates to shackle justice.

We anticipate a problem, which will inevitably arise on remand, concerning whether the chose in action or the proceeds therefrom are community or separate property.

2. Bennett v. Bennett, 224 Ala. 335, 140 So. 378 (1932); Cramer v. Cramer, 379 P.2d 95 (Alaska 1963); Leach v. Leach, 227 Ark. 599, 300 S.W.2d 15 (1957); Klein v. Klein, 58 Cal.2d 692, 26 Cal. Rptr. 102, 376 P.2d 70 (1962); Rains v. Rains, 97 Colo. 19, 46 P.2d 740 (1935); Brown v. Brown, 88 Conn. 42, 89 A. 889 (1914); Lorang v. Hays, 69 Idaho 440, 209 P.2d 733 (1949); Brown v. Gosser, 262 S.W.2d 480 (Ct. of Appeals, Ky.1953); Mosier v. Carney, 376 Mich. 532, 138 N.W.2d 343 (1965) (interspousal suit allowed in certain instances); Beaudette v. Frana, 285 Minn. 366, 173 N.W.2d 416 (1969); Thompson v. Thompson, 105 N.H. 86, 193 A.2d 439 (1963); Immer v. Risko, 56 N.J. 482, 267 A.2d 481 (1970); N.Y.Gen. Obligations Laws, McKinney's Consol. Laws, c. 24–A, § 3–313; N.C.Gen. Stat. § 52–5 (Supp.1965); Foster v. Foster, 264 N.C. 694, 142 S.E.2d 638 (1965); Fitzmaurice v. Fitzmaurice, 62 N.D. 191, 242 N.W. 526 (1932); Courtney v. Courtney, 184 Okl. 395, 87 P.2d 660 (1939); Smith v. Smith, 205 Or. 286, 287 P.2d 572 (1955) (negligent tort suit disallowed); Apitz v. Dames, 205 Or. 242, 287 P.2d 585 (1955) (intentional tort suit allowed); Pardue v. Pardue, 167 S.C. 129, 166 S.E. 101 (1932); Scotvold v. Scotvold, 68 S.D. 53, 298 N.W. 266 (1941); Wis.Stat.Ann. § 246.07–.075 (1957); Fehr v. Gen. Acc.

Fire & Life Assur. Corp., 246 Wis. 228, 16 N.W.2d 787 (1944).

3. For discussions of the entire question of personal tort actions between spouses, see Sanford, Personal Torts Within The Family, 9 Vand.L.Rev. 823 (1956); McCurdy, Personal Injury Torts Between Spouses, 4 Vill.L.Rev. 303 (1959); Hagland, Tort Actions Between Husband and Wife, 27 Geo.L.Jour. 697 (1939); and Hotes, Tort Actions Between Husband and Wife, 9 Clev.-Mar.L.Rev. 265 (1960); Cetti, Interspousal Tort Actions for Personal Injuries During Coverture Should Be Permitted, 14 Mercer L.Rev. 434 (1963); Bennett, Interspousal Tort Immunity-California Follows the Trend, 36 So.Cal.L.Rev. 456 (1963); Davis, Torts-Actions by Wife Against Husband, 34 Miss.L.Jour. 348 (1963); Teller, Torts-Husband and Wife-Interspousal Immunity for Personal Tort Action, 12 American University L.Rev. 228 (1963); Keps, Torts-Interspousal Immunity, 35 Temple Law Quarterly 107 (1961); Litigation Between Husband and Wife, 79 Harvard L.Rev. 1650 (1966); Interspousal Immunity-Time for a Reappraisal, 27 Ohio State L.Jour. 550 (1966); Farage, Recovery for Torts Between Spouses, 10 Ind.L.Jour. 290 (1935); McCurdy, Torts Between Persons in Domestic Relations, 43 Harvard L.Rev. 1030 (1930).

**446**

The injuries resulted from a violation of the plaintiff's right to personal security. Fredrickson and Watson Const. Co. v. Boyd, 60 Nev. 117, 102 P.2d 627 (1940); Soto v. Vandeventer, 56 N.M. 483, 245 P.2d 826 (1952); DeFuniak, Principles of Community Property § 82, beginning at page 225. See also Hagemar v. Vanderdoes, supra. However, Arizona has held that compensation for personal injuries to a married person is community property when caused by someone other than the spouse. Kenyon v. Kenyon, 5 Ariz.App. 267, 425 P.2d 578 (1967). Where the parties were separated at the time of injury to the wife, the proceeds from her claim were held to be an accumulation within the meaning of the Revised Code of 1928, § 2173, the predecessor to A.R.S. § 25–213. City of Phoenix v. Dickson, 40 Ariz. 403, 12 P.2d 618 (1932). The community property aspect of such a claim for relief merely presents a procedural bar which is no longer present in the instant case. That the bar is procedural rather than substantive is made apparent in Fox Tucson Theatres Corp. v. Lindsay, 47 Ariz. 388, 56 P.2d 183 (1936), in which the Arizona Supreme Court said:

> "We reaffirm the rule of law laid down in the Dickson case, *supra,* to the effect that the proceeds of the action in a case of this kind are community property, and that the husband is a necessary plaintiff in the action, but we think defendant has overlooked the reason for the rule and the capacity in which he is plaintiff. It is not because a *cause* of action ever existed in him, for that belonged to the person actually injured. As was said in [Chicago,] B. & Q. R. Co. v. Dunn, 52 Ill. 260, 4 Am.Rep. 606, the injury did not accrue to the husband; 'it was wholly personal to the wife. It was her body that was bruised; it was she who suffered the agonizing, mental and physical pain.' The husband merely *represents* the community as a guardian would represent a minor child; he has no more individual and personal cause of action than a guardian, and his death no more abates the cause of action than the death of a guardian would destroy the cause of action of his ward. We think the trial court, after the death of the husband, properly permitted the administratrix of his estate to be substituted as a party plaintiff." P. 391–392, 56 P.2d p. 184.

See also Soto v. Vandeventer, supra. Needless to say, no problems should arise concerning any attempt by the former husband to profit from his own wrong. Cf. Griswold v. Griswold, 13 Ariz.App. 218, 475 P.2d 508 (filed October 19, 1970).

■■ It is next contended that this tort cause of action should have been filed at the time the cause of action for divorce was filed and, therefore, that the divorce decree bars this action because of the doctrine of res judicata. We do not agree that this action is barred because in this state the joinder of several causes of action is not compulsory. Wilson v. Bramblett, 91 Ariz. 284, 371 P.2d 1014 (1962); Rule 18 (a), as amended, Rules of Civil Procedure 16 A.R.S. This is true even if the identical facts lie at the foundation of the distinct causes of action, the test being whether proof of additional facts will be required with reference to the second cause of action when comparing the facts required to sustain the complaint in the earlier action. Kunselman v. Southern Pac. R. R. Co., 33 Ariz. 250, 263 P. 939 (1928); Wilson v. Bramblett, supra. Our Supreme Court also has held subsequent to the adoption of the Rules of Civil Procedure in 1939 that " 'A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show.' " City of Phoenix v. Mullin, 65 Ariz. 83, 88, 174 P.2d 422, 425, (1946).

■ The causes of action set forth in the divorce action and the instant action are completely different although arising basically from the same facts. Completely different evidence will be required to sustain the cause of action for personal injuries from that which was required to sustain the decree in the divorce action. We hold, therefore, that the plaintiff Kathryn M. Windauer was not required to join her

cause of action for personal injuries in the same action as her cause of action for divorce although identical facts were involved in both causes of action. Kunselman v. Southern Pac. R. R. Co., supra; Wilson v. Bramblett, supra.

 Since joinder of these causes of action is not required and the proof to establish each is different, and since no attempt was made to establish damages for personal injuries in the divorce action, res judicata does not bar the instant action.

The judgment below is reversed.

KRUCKER J., and JACK G. MARKS, Judge of the Superior Court, concur.

NOTE: Chief Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.