735 P.2d 827

**William M. KORDSIEMON and Joan T. Kordsiemon, husband and wife, Plaintiffs/Appellants,**

**v.**

**Arnold CHRISTIANSON and Angeline May Christianson, husband and wife, Defendants/Appellees.**

**No. 2 CA–CV 5744.**

Court of Appeals of Arizona, Division 2, Department A.

Dec. 11, 1986.

Reconsideration Denied Jan. 20, 1987.

218

Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P.C. by Michael J. Meehan and Janet C. Bostwick, Tucson, for plaintiffs/appellants.

Seefeldt & Neal by Ralph E. Seefeldt, Tucson, for defendants/appellees.

## OPINION

HOWARD, Presiding Judge.

This is an appeal from the granting of a motion for summary judgment. The trial court found that the doctrine of res judicata and collateral estoppel precluded the maintenance of this action and entered judgment in favor of the Christiansons. We reverse.

In 1981 the Kordsiemons entered into a written contract with Christianson Construction, Inc. for the construction of a residence and guest house for $185,000. The sole shareholders of the corporation were the Christiansons; Arnold Christianson was the president of the corporation and the corporate member qualifying for a contractor's license. A dispute arose between the parties as to the way the home was being built and when Christianson told the Kordsiemons the house could not be built for the agreed price, the corporation was taken off the job and another company completed the construction. The final cost to the Kordsiemons was $283,104, including $41,307.87 paid to Christianson Construction, Inc.

Christianson Construction, Inc. sued the Kordsiemons to foreclose the material and mechanics lien arising out of the contract between the corporation and the Kordsiemons. The Kordsiemons counterclaimed against the corporation for breach of contract and fraud, and the Kordsiemons filed a third-party complaint against Arnold and Angeline Christianson alleging, inter alia, that the contracting corporation was the alter ego of the Christiansons for purposes of the contract, that they breached the contract and were therefore individually liable.

This case was tried to the court sitting without a jury, which found in favor of the Kordsiemons and against the construction company in the sum of $68,672 plus prejudgment interest and attorney's fees and costs. The court ruled in favor of the Christiansons on the third-party complaint. In so doing, the court made findings of fact and conclusions of law. Finding of fact No. 3 stated:

"3. . . . At all times prior to the entry into the contract, Arnold Christianson made personal assurances of performance of the construction job and, during April, 1981, said that he would personally guarantee that the Kordsiemons' home would be built for the price promised, $185,000.00, without sacrificing quality of construction."

Among the court's conclusions of law were the following:

"2. Arnold Christianson, at all times material to this action, was acting as an officer and director of Christianson Con-

struction, Inc. and not in his individual capacity.

3. Mr. Christianson and Christianson Construction, Inc., committed material breaches of the construction contract between the parties.

4. The Kordsiemons were legally justified in terminating the Christiansons from the construction contract, by virtue of the material breaches affecting the entire contract, and Mr. Christianson, and Christianson Construction, Inc., are not entitled to recover any sums from the Kordsiemons for any damages.

5. Mr. Christianson and Christianson Construction, Inc.'s breach of contract caused damage to the Kordsiemons in the amount of $68,672.00.

\*      \*      \*      \*      \*      \*

7. Christianson Construction, Inc. was not the alter ego of Arnold and Angeline May Christianson and the facts here do not support piercing the corporate veil and holding the Christiansons individually liable.

8. Arnold Christianson did not make false and material misrepresentations to the Kordsiemons intending to defraud them."

The Kordsiemons filed a motion for a new trial asking the court, inter alia, to reconsider its conclusions of law Nos. 2, 7 and 8. The motion was combined with a motion to amend the pleadings in the fraud and alter ego case to assert new causes of action, to wit, promissory estoppel and personal contract against the Christiansons individually. The trial court denied both the motion for new trial and the motion to amend. The Kordsiemons tried to collect from the corporation on the judgment, but when they discovered that the corporation had no assets, they brought this present lawsuit on the claims of promissory estoppel and personal contract. The Christiansons filed a motion to dismiss which the trial court treated as a motion for summary judgment. The trial court ruled that the doctrines of res judicata and collateral estoppel prevented appellants from pursuing this action and granted summary judgment in appellees' favor. This appeal followed.

Under the doctrine of res judicata, a judgment on the merits in a prior suit involving the same parties or those in privity with them bars a second suit based on the same cause of action. Under the doctrine of collateral estoppel, such a judgment precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit. *Chaney Building Co. v. City of Tucson,* 148 Ariz. 571, 716 P.2d 28 (1985), citing *Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955). The causes of action asserted against the appellees in the first lawsuit were fraud and breach of contract *by the corporation,* with an allegation that the corporation was appellees' alter ego. The causes of action here are for breach of an oral contract by the appellees and promissory estoppel. These are not the same causes of action tried in the first lawsuit and the doctrine of res judicata does not apply. See *Wilson v. Bramblett,* 91 Ariz. 284, 371 P.2d 1014 (1962), cert. denied, 371 U.S. 888, 83 S.Ct. 187, 9 L.Ed.2d 123.

The doctrine of collateral estoppel is also inapplicable. There was no factual finding that when Arnold Christianson said he would "personally guarantee" that the house would be built for $185,000 he did not intend to bind himself personally, rather than the corporation. In fact, this issue was never litigated although it appears to have been determined by conclusion of law No. 2, which conflicts with finding of fact No. 3.

Issue preclusion or collateral estoppel applies only to matters that were actually litigated and determined and *only* if that determination was essential. *Western Cable v. Industrial Comm. of Arizona,* 144 Ariz. 514, 698 P.2d 759 (App.1985). Whether Arnold Christianson was acting in his individual capacity was not litigated and it was not essential to any of appellants' claims.

Reversed and remanded for further proceedings consistent with this opinion.

Appellants have asked for and are entitled to attorney's fees, which will be granted upon compliance with Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S.

HATHAWAY, C.J., and FERNANDEZ, J., concur.